## Case No. 1,416.

### BINGHAM v. WILKINS.

[Crabbe, 50.][1]

District Court, E. D. Pennsylvania. Aug. Sess., 1836.

PAYMENT—DISCONTINUANCE—PRACTICE—BAIL.

1. Where suit has been brought in a state tribunal, and discontinued, this court will sustain a libel for the same cause of action.

2. A voluntary discontinuance, by a party plaintiff, is not satisfaction of the debt or cause of action.

[See Latapee v. Pecholier, Case No. 8,101.]

3. Satisfaction of a debt is not ground to quash the proceedings in a suit thereon.

[See Holmes v. The Lodemia, Case No. 6,642.]

4. The court will not suffer a party to be held to bail in two places at one time, for the same cause of action.

In admiralty. Libel [by Delucena L. Bingham against Job W. Wilkins, late owner and master of the schooner Hero] for wages, with a capias against the master. The libellant commenced suit against the respondent, on the 21st May, 1836, before an alderman of the city of Philadelphia, for the same cause of action. The warrant was returned, and the parties appeared, on the 11th August. After a partial hearing, the suit was adjourned till the 27th August, but was immediately discontinued by the plaintiff, who, on the same day, after the discontinuance, filed his libel, and issued a capias against the respondent, from this court. Special bail was given on the 3d September. On this state of the facts, Fallon, for respondent, obtained a rule, on the 5th September, to show cause why the proceedings should not be quashed. [Rule discharged.]

Mr. Fallon, for respondent.

The acts of libellant, before the magistrate, amounted to a satisfaction of the debt, or to a barring of the institution of a suit in this court, or, at least, destroyed his right as against respondent; the libellant, having elected to institute his suit before a state magistrate, is barred from his suit here. Act of 24th September, 1789, § 9, [1 Stat. 76;] 1 Story, Laws, 56. A defendant cannot be twice arrested for the same cause of action, "Nam nemo debet bis vexari pro eâdem causâ;" except, among other cases, where the first suit is discontinued before the second is commenced. But the discontinuance must be compulsory, as, from a defect in the first suit; and the libellant cannot discontinue his suit wrongly and voluntarily, for the mere purpose of taking it up to another court. 1 Sell. Pr. 42, 43; Bates v. Berry, 2 Wils. 381; Grubb v. M'Cullough, 1 Yeates, 193; [Grubb v. Grubb,] 2 Dall. [2 U. S.] 191, 192; Horn v. Roberts, 1 Ashm. 45. In this case the parties appeared, the hearing commenced, and was adjourned for further hearing. In the mean time, the case was discontinued.

This amounts to satisfaction of the debt. A discontinuance will not be allowed after a juror has been sworn. Before a magistrate, where there is no jury, the rule applies to a hearing.

Mr. Grinnell, for libellant.

The application came too late. The bail and stipulation have been given to the court, before the application was made. It should have been alleged, by a plea in abatement, that another action was pending. If respondent has been held to bail, pending another suit, where bail has been given, the court will not quash the proceedings, but will only discharge him on common bail. 1 Tidd, Pr. 184. This is not twice vexing for the same cause of action. Field v. Colerick, 3 Yeates, 56.

HOPKINSON, District Judge. As to the claim being satisfied, or the debt discharged, by the discontinuance, there is no such law. A discharge from a ca. sa. on a judgment, is a legal satisfaction; but not from mesne process, or by discontinuance of the suit. If the debt were satisfied, it might be ground of final decree in favor of libellant, but not of quashing the suit, even if he could show a receipt or release.

The rule that no one shall be twice vexed for the same claim, applies only to the bail; and does not afford ground to quash the proceedings. On such a hearing, the court will take care that the defendant is not held to bail in two places at one time, but never dismiss the suit. We leave the respondent to his plea. Rule discharged.