(39 App. Div. 451.)

HOPEDALE ELECTRIC CO. v. ELECTRIC STORAGE BATTERY CO.

(Supreme Court, Appellate Division, First Department. April 7, 1899.)

BREACH OF CONTRACT—RIGHT OF ACTION.

     Under a contract for sale of plaintiff's electric car plant to defendant for a certain amount, to be paid at the time of conveyance, with a stipulation for a competitive test of the parties' systems of storage batteries,—$100,000 more to be paid if plaintiff's system equaled defendant's, $150,000 if it was 5 per cent. better, $300,000 if it was 10 per cent. better, and $500,000 if it was 20 per cent. better,—plaintiff cannot, on refusal of defendant, after obtaining the conveyance and paying the money then, to make the test, recover the $500,000 as money falling due by the terms of the contract, but his right of action is for damages for breach of the contract.

Appeal from special term, New York county.

Action by the Hopedale Electric Company against the Electric Storage Battery Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Elihu Root, for appellant.

Austen G. Fox, for respondent.

VAN BRUNT, P. J.   The complaint in this action, after alleging the due incorporation of the plaintiff and defendant, set forth an agreement entered into between the parties on the 18th of September, 1898, whereby the plaintiff agreed to sell to the defendant its letters patent, and also certain land and buildings belonging to the plaintiff, together with the cars, tools, machinery, and personal property therein, and by which the defendant agreed, upon tender of the conveyance of the property above referred to, within 30 days from the date of the agreement, to pay to the plaintiff the sum of $150,000, in the manner therein stated.   The agreement then recited that the plaintiff claimed that the system of storage battery as operated by it was equal to and superior to the system operated by the defendant, and the defendant agreed that if, upon a competitive test of the two systems, that of the plaintiff was equal to that of the defendant, it would pay to the plaintiff the further sum of $100,000; if 5 per cent. superior, the sum of $150,000; if 10 per cent. superior, the sum of $300,000; if 20 per cent. superior, the sum of $500,000.   This recital was followed by an agreement upon the part of the defendant that it would forthwith proceed to institute this competitive test; the cars and batteries to be operated under the system of the plaintiff,—to be prepared by, and be operated under the control and management of, agents selected or approved by it.   The agreement further provided that the conditions, such as time, place, track, length of operation, number of cars to be used, etc., under which the test should be made, should be agreed upon by both parties as soon as might be after the execution of the instrument; it being understood that the test of superiority should be determined by the durability, efficiency, economy, speed, and reliability of service.   The complaint further alleged that thereafter, and in accordance with the terms of the contract, the plaintiff duly conveyed and transferred the property mentioned in the contract, and put the defendant in exclusive possession and control of the system, and that the defendant has ever since remained in such exclusive possession and control, and, further, that in the system of the plaintiff there was attached to each car certain power-saving machinery, etc., and that the plaintiff has been, at all times since the making of the contract, ready and willing to perform its part of the contract, and that at divers times it had requested and urged the defendant to institute and proceed with the test provided for in the contract, which the defendant has refused to do.   The plaintiff admits the payment of the $150,000 agreed to be paid upon the conveyance of the property, and demands judgment for the sum of $500,000. To this complaint the defendant demurred upon the ground that it appears upon the face thereof that it did not state facts sufficient to constitute a cause of action.   This demurrer having been overruled, from the interlocutory judgment thereupon entered this appeal is taken.

The theory upon which this action seems to proceed is that, the defendants having failed to make the test which they were required to make, the amount provided for under said contract in case such test showed that the plaintiff's system was 20 per cent. superior to the defendant's had become due.   It is difficult to see upon what such a

claim can be predicated. There is no promise to pay contained in the contract, unless the test showed certain superiority upon the part of the plaintiff's system. The whole obligation to pay depended upon the establishment of that superiority. There has been a question raised as to whether the contract is not so indefinite that no action can be predicated upon it. But assuming, for the purposes of this appeal, that such an objection is not well taken, we cannot see how an action for the money agreed to be paid under the contract can be maintained until it is shown that the conditions upon which it was to be paid existed. If the defendants refused to make the test in or-- der to ascertain the degree of superiority, if any existed, the plaintiff would have a right to recover damages because of that breach of their undertaking in the contract; and whatever damages they might have sustained by reason of such breach of the undertaking upon the part of the defendants to make this test they would be entitled to recover, not as money falling due by the terms of the contract, but as damages sustained by reason of the defendants' breach of the contract. It therefore follows that there are no allegations contained in this com- plaint to justify a recovery upon the ground of the damages sustained by reason of the breach, because there is no allegation pertinent to such a cause of action.

We are of opinion that the demurrer should have been sustained, and that the judgment should be reversed, with costs, and the demur- rer sustained, with costs, with leave to the plaintiff to amend its com- plaint upon payment of such costs. All concur.