HOPEDALE ELECTRIC CO. v. ELECTRIC STORAGE BATTERY CO.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

1. JUDGMENT (§ 570*)—RES JUDICATA—DISMISSAL.

Under Code Civ. Proc. § 1209, providing that a final judgment dismissing the complaint does not prevent a new action for the same cause of action unless it is rendered on the merits, a judgment dismissing the complaint with costs at the close of plaintiff's evidence is not a bar to a new action on the same cause of action where the judgment roll does not show that it was rendered on the merits, though the court on appeal adjudged that plaintiff should have been awarded nominal damages.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1028; Dec. Dig. § 570.*]

2. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR—ERRONEOUS EXCLUSION OF EVIDENCE.

Where a judgment roll offered in evidence was competent only on the plea that the former judgment was a bar to the action, and contained no fact which defendant was entitled to have the jury consider, the exclusion of the judgment roll, not showing that the judgment dismissing the complaint in the prior action was rendered on the merits, was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4187; Dec. Dig. § 1056.*]

3. VENDOR AND PURCHASER (§ 330*)—CONTRACT OF SALE—BREACH—DAMAGES.

Defendant purchased plaintiff's electric car plant, paying a specified amount, and agreeing that, if on a test plaintiff's storage battery system should prove superior to that of defendant, it would pay a certain additional sum, and also agreeing that it would proceed forthwith to institute the test. Defendant refused to institute the test at its own cost, and plaintiff sued for breach of contract, alleging that, if the respective systems had been tested, it would have been determined that plaintiff's system was superior to that of defendant. *Held*, that plaintiff, on proving the superiority of his system, was entitled to a verdict, irrespective of the actual value of plaintiff's system.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 953; Dec. Dig. § 330.*]

4. VENDOR AND PURCHASER (§ 79*)—INCOMPLETE AGREEMENTS—ENFORCEMENT.

Defendant purchased plaintiff's electric car plant, paying a specified amount, and agreeing that, if on a test plaintiff's storage battery system should prove superior to that of defendant, it would pay an additional sum, and that it would make a test under conditions to be agreed on by the parties. Defendant refused to prescribe any conditions, but plaintiff was willing to accept any conditions. *Held* that, though the conditions for the test had not been agreed on, defendant was liable in an action for damages on its refusal to make the test.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 127; Dec. Dig. § 79.*]

Appeal from Trial Term, New York County.

Action by the Hopedale Electric Company against the Electric Storage Battery Company. From a judgment for plaintiff entered on a verdict rendered on the trial of the issues before the court and jury, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, McLAUGHLIN, and CLARKE, JJ.

Morgan J. O'Brien (Wm. H. Page and G. H. Crawford, on the brief), for appellant.

Austen G. Fox, for respondent.

LAUGHLIN, J. The subject-matter of this litigation has been before the court in a former action brought by the plaintiff against the defendant. The first question presented by the appeal arises on the defendant's plea that the judgment in the former action is a bar to this action. Both actions are based on the same contract, which was an agreement in writing made between the parties on the 18th day of September, 1895. It is unnecessary to quote the contract, for it has been fully discussed in two opinions in this court delivered in the former action, and is set forth in full in an opinion of the Court of Ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

peals therein. Hopedale Electric Company v. Electric S. B. Co., 39 App. Div. 451, 57 N. Y. Supp. 422; Id., 96 App. Div. 344, 89 N. Y. Supp. 325; Id., 184 N. Y. 356, 77 N. E. 394. At the time the contract was made the plaintiff was operating a street railway in the town of Milford, Mass., by electricity, using cars with a storage battery system. The defendant had purchased different storage battery systems, and was desirous of obtaining a monopoly of the storage battery principle in the operation of street railways. The defendant claimed that the system in use by the plaintiff was an infringement of a patent which it had acquired, and it had brought an action in the Circuit Court of the United States for the District of Massachusetts for such alleged infringement. Briefly stated the contract provided that a decree might be entered in favor of the plaintiff (the defendant herein) in the suit for infringement; that the plaintiff herein should sell, assign, and transfer to the defendant certain letters patent and its cars, tools, machinery, personal property, and land and buildings; that the defendant should in any event pay therefor the sum of $150,-000 as therein provided, and, if the system of storage battery cars as operated by the plaintiff at Milford should prove on a test to be made as therein provided equal to the system "controlled by and proposed to be operated" by defendant, the defendant should pay the further sum of $100,000, and, if plaintiff's system should on such test prove to be superior to that of the defendant by 5 per cent., the further sum of $150,000, and, if it should prove superior by 10 per cent., the further sum of $300,000, and if it should prove superior by 20 per cent., the further sum of $500,000; that defendant should proceed forthwith to institute the competitive test; that the batteries to be operated under the plaintiff's system should be prepared and operated by or under the management and control of agents selected or approved by plaintiff; that the conditions of the test "such as time, place, track, length of operation, number of cars to be used," etc., under which the test was to be made "shall be agreed upon by both parties as soon as may be after the execution of this instrument, it being understood that the test of superiority shall be determined by the durability, sufficiency, economy, and reliability of service." The contract was consummated to the extent that the plaintiff performed by assigning and transferring its property and allowing judgment to be taken in the suit for infringement and the defendant paid the first $150,000. Negotiation was thereafter had between the parties with a view to agreeing upon the conditions of the test and the parties agreed with respect to the number of cars and the person to prepare for and have charge of the test, and the plaintiff agreed to leave the other conditions of the test to be prescribed by the president of the defendant, who the jury would have been justified in finding accepted that offer on the part of the plaintiff as satisfactory and undertook to arrange for and conduct the test; that he subsequently without just cause, and acting for and in the interests of defendant, abandoned it. The defendant, after undertaking to make the test and after taking steps to prepare therefor and after a long lapse of time, took the position that the possible advantages of the test to it would not be such as to justify any expenditures of money on its part in making the test, and

that it was unwilling to bear the expense thereof, and suggested that, if the plaintiff was sufficiently confident that the test would result to its advantage, it should bear the expense. This proposition plaintiff rejected upon the ground that the duty devolved upon the defendant to bear the expenses of making the test. The plaintiff then brought an action against the defendant, alleging these facts in substance, and the further fact that the defendant had removed and sold the storage battery system and appliances which had been assigned to it by the plaintiff, and had thereby rendered a test as contemplated by the parties impossible, and demanded judgment for the maximum amount of $500,000 specified in the contract, being the amount to which it would have been entitled under the contract had the test been made and had its system proved superior by 20 per cent. to that of the defendant. The defendant demurred to the complaint. Its demurrer was overruled, and it appealed to this court, where it was held that the plaintiff's remedy was an action for damages for a breach of the contract, and that as no damages were alleged, but the plaintiff claimed the right to recover the further sum specified in the contract as the additional consideration in the event its system proved to be 20 per cent. superior to that of the defendant, the demurrer should have been sustained, and the interlocutory judgment was reversed with leave to plaintiff to amend. 39 App. Div. 451, 57 N. Y. Supp. 422. The plaintiff served an amended complaint, following the original complaint, with the exception that it alleged that it had sustained damages in the sum of $500,000 for the breach of the contract. The defendant answered the amended complaint, and the action was brought to trial. The plaintiff gave evidence tending to establish the facts alleged, except that it rested on the contract as fixing the amount of its damages, and it offered no evidence tending to show that its system was equal or superior to that of the defendant, judged by the tests provided in the contract, or upon which it could have been found by the jury that, if the tests had been made as provided in the contract, the plaintiff's system would have proved equal or superior to that of the defendant. At the close of the plaintiff's evidence, its complaint was dismissed, and the exceptions were ordered heard in the first instance at the Appellate Division. The motion for a new trial was made here on a case containing exceptions. The exceptions were overruled, the motion for a new trial denied, and judgment was awarded in favor of the defendant, with costs, upon which a judgment was entered dismissing the complaint, with costs. 96 App. Div. 344, 89 N. Y. Supp. 325. On appeal therefrom to the Court of Appeals the judgment was affirmed, with costs (184 N. Y. 356, 77 N. E. 394), and on the remittitur a judgment of affirmance in accordance therewith was entered at Special Term.

We deem it quite clear that the judgment was not a bar to a new action. Section 1209 of the Code of Civil Procedure provides as follows:

"A final judgment dismissing the complaint either before or after the trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits."

It appears from what has been stated that the judgment did not expressly declare that it was rendered upon the merits. The learned counsel for the appellant contends that it appears by the judgment roll that it was rendered on the merits. Further error which may as well be considered at this point is predicated upon the fact that, when the judgment roll was offered in evidence, the trial court excluded the case and exceptions which were part thereof. After the rendition of the verdict, however, and on the motion for a new trial on the minutes, the court received the entire judgment roll in evidence, and then denied the motion. The appellant was not prejudiced by the fact that the case and exceptions were not received in evidence. The judgment roll was competent only upon the plea that the former judgment was a bar. It contained no fact which the defendant was entitled to have the jury consider. We are of opinion that the judgment roll does not show that the judgment was rendered upon the merits. The contention that it does is based upon the fact that both this court and the Court of Appeals held that it was the duty of defendant to bear the expense of conducting the test, and that, on establishing a breach of the contract, the plaintiff was entitled to nominal damages, but, inasmuch as the plaintiff failed to show any other damages, the dismissal of the complaint would not be reversed in order to permit the plaintiff to recover nominal damages. The learned counsel for the appellant argues that, in these circumstances, the judgment should be regarded the same as a judgment in favor of the plaintiff for nominal damages. Had the plaintiff recovered in the former action nominal damages for the breach of the contract, the judgment therein would undoubtedly bar any further action for damages for the breach of the contract; but we think it cannot successfully be maintained that the judgment was equivalent to a judgment in favor of the plaintiff for nominal damages. It was not apparent in favor of the plaintiff at all; and, had it been, it would not have dismissed the complaint, and the provisions of section 1209 of the Code of Civil Procedure would not have been applicable. On the record as it stands, however, the provisions of that section are applicable, and this action was not barred by the former judgment.

The next point urged by the appellant is that the trial court failed to follow the decisions of this court and of the Court of Appeals with respect to the rule of damages. The complaint in this action, like the complaint in the former action, is for damages for a breach of the contract, but the complaint now for the first time contains an allegation to the effect that, if the respective systems had been tested as provided in the contract, it would have been determined that the plaintiff's system was not only equal but superior to that of the defendant by 20 per cent., and upon the trial the plaintiff offered evidence tending to show that its system, tested by the tests prescribed in the contract, was superior to that of the defendant. Upon this evidence the jury found that the plaintiff's system was merely equal or superior, but not 5 per cent. superior, to that of the defendant, and predicated the verdict upon the provision of the contract applicable to that state of affairs with respect to the comparative merits of the two systems,

and awarded plaintiff $100,000 and interest thereon. There are expressions in the opinion of this court on the motion for a new trial in the former action which tend to sustain the argument made by the learned counsel for the appellant that the compensation to be made as a result of the tests was not part of the purchase price of the property, and that the damages sustained by the plaintiff were to be measured by the value of the contract to it; but it is to be observed that the Court of Appeals did not fully agree with this view. The Court of Appeals agreed that the maximum amount to be paid as the result of tests favorable to the plaintiff did not furnish the measure of damages so as to bring the case within the rule that where property is sold for a given price, subject to a test, and the purchaser fails or refuses to make the test, the price specified furnishes the measure of damages. The Court of Appeals did, however, in answer to the contention of the learned counsel for the plaintiff that the defendant had made it impossible for the plaintiff to ascertain its damages under the contract, clearly state that the plaintiff could have supplied the necessary evidence either by reconstructing the requisite appliances in accordance with the patents for the two storage systems which were to be compared and by them making a test or by showing the characteristic features of the respective systems, and then establishing by expert testimony the comparative merits thereof. That is the theory upon which this action has been tried. The doubt as to the rule of damages which the Court of Appeals intended to announce arises from the fact that the learned justice writing for that court made further observations indicating that, on the facts of the case as presented, the damages recoverable by the plaintiff would be the value of the property sold, less the amount received to apply thereon, upon the theory that, the defendants having prevented the tests, the plaintiff was at liberty to disregard the contract with respect to the consideration and recover for the property sold as on a quantum valebat. We are of opinion, however, that the learned Court of Appeals did not intend to confine the plaintiff to that remedy, but only meant that it might elect to take that course if unable to make proof upon which the jury could determine that its system was equal or superior to that of the defendant. It cannot be that a vendor can be deprived of the benefit of his contract by the action of the vendee in preventing the making of tests upon which part of the consideration for the sale depends. The defendant, having refused to make the test, and having rendered it impracticable or at least impossible without a very large expenditure of money, cannot now be heard to say that the plaintiff may not recover the further consideration provided for in the contract upon showing to the satisfaction of the court and jury that, if the test had been made as prescribed in the contract, it probably would have shown that plaintiff was entitled to a further specified amount as part of the purchase price of the property. We are of opinion, therefore, that the theory of damages adopted by the learned trial court was right, and that the actual value of the property transferred or of the plaintiff's storage battery system was wholly immaterial.

The learned counsel for the appellant further contends that the contract, in so far as it remained executory, was an incomplete agreement and unenforceable. We are of opinion that part of the conditions of the test having been expressly agreed upon between the parties, and the remaining conditions having been left to the president of the defendant, who in effect agreed to prescribe the conditions and conduct the test, the contract, for the purpose of maintaining this action at law, is to be deemed the same as if the parties had expressly agreed upon all of the conditions of the test. The facts in that regard are not materially different from those presented by the record when the other case was before this court and the same point was then made; but we held that the contract was enforceable. The case of Milliman v. Huntington et al., 68 Hun, 258, 22 N. Y. Supp. 997, is the principal case relied upon by appellant on this point. That, however, was a suit in equity for specific performance, and it was held that where the terms of a mortgage with respect to the time it was to run had not been agreed upon by the parties, but one of the parties had offered to let the other party fix the time, that the contract could not be enforced in equity against the party who failed to fix the period. Of course, if the party to whom it was left to fix the time refused to fix it, a court of equity could not determine what that provision of the contract was to be, and it could not compel a specific performance; for to do so would be either to compel the party to make the contract, or the court would be making it for him. This case, however, is distinguishable from that; for here the court is not asked to compel the defendant to specifically perform the contract, but it is called upon to award damages to the plaintiff for the defendant's failure to perform, and the defendant should not be heard to say that some of the conditions of the test had not been expressly agreed upon when the plaintiff was willing to accept any conditions which the president of the defendant might see fit to prescribe, and the latter acquiesced in this as satisfactory, and proceeded to an extent in arranging for the test. The fact that all of the terms had not been specifically agreed upon doubtless requires a higher standard of proof by the plaintiff to show that by any reasonable test on the basis prescribed in the contract that it might have been determined upon by the president of the defendant its system would have been superior to that of the defendant. The fact, however, that the terms of the contract, through the fault of the defendant, had not been agreed upon with sufficient definiteness and certainty to warrant specific performance thereof, if it were a contract on which a decree for specific performance might be based, does not relieve the defendant from liability for damages in an action at law. Stanton et al. v. Miller et al., 58 N. Y. 192, 200; Foster v. Wheeler, 38 L. R. Ch. Div. 130.

We have examined the evidence, and are of opinion that it fairly sustains the verdict of the jury. The exceptions to the admission and exclusion of evidence and to the charge have also been examined, and we find no error therein. The principal exceptions are covered by what has already been said, and we do not deem the others sufficiently meritorious to require special discussion.

It follows that the judgment and order should be affirmed, with costs.

McLAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN. I do not think the former judgment was a bar, as it was not determined that the plaintiff was not entitled to recover the damages sustained by reason of the defendant's breach of its contract, nor did the plaintiff recover any damages on account of such breach. The court dismissed the complaint, and determined that, upon the evidence then before the court, the plaintiff was not entitled to have the question as to the damages for a breach of the contract submitted to the jury. The exception to this dismissal of the complaint was overruled by this court, and judgment·was thereupon entered dismissing the complaint, which judgment was affirmed by the Court of Appeals. If, upon that trial, there had been a verdict for nominal damages of six cents, upon which the judgment had been entered, and the plaintiff had received that amount as the damages which it had sustained in consequence of the breach of the contract, a different question would have been presented; but there never having been a determination that the plaintiff was not entitled to recover for the breach of the contract by the defendant, and no award of such damages having been made, it seems to follow that the dismissal of the complaint did not stand in the way of a new action to recover real damages, and therefore the court below correctly held that the former judgment was not a bar to this action.

Upon the measure of damages I also think the court property submitted the question to the jury, and that their verdict is controlling. By the contract between the parties the defendant purchased from the plaintiff certain patents and personal property, and agreed to pay therefor. One-hundred fifty thousand dollars was to be paid upon the execution of the assignment and transfer of the patents and property, and an additional sum of money was to be paid by the defendant, dependent upon a test which the defendant agreed to make. The patents and property were actually transferred to the defendant, and $150,000 was paid to the plaintiff. Up to this point the contract had been complied with by both parties. The property had been transferred to defendant. A portion of the consideration had been paid. The question as to what, if anything, further should be paid was to depend upon a test which the defendant obligated itself to make. The defendant, by refusing to make such test, was guilty of a breach of this obligation which it had undertaken to perform; and it is that breach by the defendant that is the basis of the plaintiff's cause of action, and plaintiff is entitled to recover the damages sustained by that breach. The agreement to sell and transfer the property was not broken, but was complied with. It was the agreement as to the payment of the purchase price for the property as to which there was a breach. The main contract itself is still in force, and the plaintiff was entitled to enforce it. The amount that the defendant had agreed to pay for the property is what had to be determined in this action.

If the defendant had complied with its contract, that amount would have been determined by the tests which it had obligated itself to make. It broke its contract to make the tests; and the damage sustained by the plaintiff in consequence of that breach of the contract was, it seems to me, the amount that the defendant would have been required to pay under the contract had the tests been made. The defendant having refused to make the test, there was substituted for it the determination by the jury as to what would have appeared had the test been made; and this is in effect the decision of the Supreme Court in Humaston v. Telegraph Co., 20 Wall. 20, 22 L. Ed. 279. In that case the property was sold to the defendant in consideration of the issue of 100 shares of the stock of the defendant corporation, and a further consideration of not exceeding 400 shares of capital stock to be paid or issued to the plaintiff upon condition that three referees or arbitrators were to decide how much more should be issued after such arbitrators should be satisfied as to the capacity and value of the patented inventions. There the arbitrators were to determine the question as to how much more of the stock the plaintiff should receive, and, the defendants having refused to enter into the arbitration, it was held that the jury were to determine that matter, and, as it was to be based upon the value of the property sold, the question as to how much more the plaintiff was entitled to was to be determined by the value of such property. Here, under the contract, the additional amount that the defendant was to pay had no relation to the value of the property, but was to be determined upon a comparison between the system transferred by the plaintiff to the defendant and the system then controlled and operated or to be operated by the defendant. Substituting the jury to make the test that the defendant agreed to make, what it had to determine was just what the test would have determined —whether or not the plaintiff's system was equal to or superior to the defendant's system, and, when that question was determined, the contract itself provided for what, if any, additional payment should be made. In this case the jury had determined that the plaintiff's system was equal in value to the defendant's system, and it must be presumed that the test made by the defendant would have disclosed such equality. That fact being determined, the damage sustained by the plaintiff in consequence of the breach of the defendant's obligation to make the test was clearly the amount which under the contract the defendant would have been obligated to pay if the systems were equal; and it was for such damages that the jury rendered a verdict which, I think, was sustained by the evidence.

PATTERSON, P. J., concurs.