## PLOXIN v. BROOKLYN HEIGHTS R. CO.

(Circuit Court of Appeals, Second Circuit. November 12, 1919.)

### No. 34.

1. JUDGMENT ⚖➡570(5)—DISMISSAL FOR INSUFFICIENCY OF EVIDENCE NOT BAR TO SECOND SUIT.

Under Code Civ. Proc. N. Y. § 1209, a judgment dismissing an action for failure of proof is not a bar to a second action.

2. APPEAL AND ERROR ⚖➡930(1)—IN REVIEW, ON DISMISSAL, EVIDENCE CONSIDERED MOST FAVORABLY TO PLAINTIFF.

Where a complaint is dismissed on conflicting evidence, the appellate court must consider the case on the evidence most favorable to plaintiff.

3. STREET RAILROADS ⚖➡98(7)—PEDESTRIAN MAY CROSS IN FRONT OF CAR WHERE DANGER NOT IMMINENT.

If a pedestrian, about to cross the track of a street railroad, sees a car coming at such distance that he has reasonable ground to suppose

---

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that he can cross in safety, he is justified in making the attempt; and if the operator of the car sees him, it is his duty to give him a reasonable opportunity to cross.

4. STREET RAILROADS ☞117(22)—CONTRIBUTORY NEGLIGENCE IN CROSSING TRACKS AT STATION A JURY QUESTION.

It is not negligence as matter of law for a person to cross a street at a point where there is a trolley station at which cars passing in either direction habitually stop; he having a right to rely upon the fulfillment of the duty resting upon the street railroad company to have its cars under control at this point.

5. STREET RAILROADS ☞117(21)—CONTRIBUTORY NEGLIGENCE OF PERSON KILLED IN CROSSING TRACKS A JURY QUESTION.

In an action for the death of a person struck and killed by a street car while crossing the street at a trolley station, evidence *held* such as to require the question of contributory negligence to be submitted to the jury.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Goldie Ploxin, administratrix, against the Brooklyn Heights Railroad Company. Judgment of dismissal, and plaintiff brings error. Reversed.

Thomas J. O'Neill, of New York City (Leonard F. Fish, of New York City, of counsel), for plaintiff in error.

George D. Yeomans, of Brooklyn, N. Y. (John L. Wells, of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The plaintiff in error sued out this writ of error, asking to review a dismissal of the complaint in her action brought to recover damages for the loss of life of Louis Ploxin, her husband.

On September 1, 1914, the deceased was crossing Fulton street from the south to the north side, and was struck by a car approaching from the east, causing injuries which resulted in his death shortly thereafter. An action was commenced in the state Supreme Court for Westchester county. A verdict was had. An appeal thereafter taken to the Appellate Division resulted in a reversal of the judgment and a dismissal of the complaint, upon the ground that the intestate was guilty of negligence as a matter of law. The plaintiff in error then appealed to the Court of Appeals of the state of New York, in which court the order of dismissal was affirmed. She then commenced this suit in the District Court for the Southern District of New York, and after a trial, in which both the plaintiff in error and defendant in error submitted their proofs, the District Judge dismissed the complaint.

[1] It is conceded that the proof offered on this trial in the District Court is different from that presented in the state court. The plaintiff in error's contention is that there is additional proof and amplification of the old. The contention of the defendant in error is that the new proof but makes more difficult the plaintiff in error's

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

opportunity for success. Since there was a dismissal of the complaint in the state court, which was not upon the merits, but for failure of proof, that action is not a bar to the maintenance of this suit in the District Court of the United States. Bingham v. Wilkins, 3 Fed. Cas. 407, No. 1416; Wheeler v. Ruchman, 51 N. Y. 391; Hopesdale v. Storage Co., 132 App. Div. 348, 116 N. Y. Supp. 859.

Fulton street runs substantially east and west at the point of the accident. There are two car tracks thereon, one for the east and one for the west bound traffic. Between Lawrence street on the east and Jay street on the west, there is a trolley station where passengers alight from and board passing Fulton street cars. Just before the occurrence, the deceased was seen walking across the street from the south to the north side. He was struck while proceeding across the west-bound track, which runs on the northerly side of the street, and there is evidence that he was passing over the northerly rail of the west-bound track when struck. There is a dispute as to whether he was passing straight across to the trolley station, or whether he was moving in a diagonal direction. There is evidence which supports the claim of the plaintiff, however, that he was proceeding straight across to the pole upon which is the sign "Trolley Station." This pole was approximately in the middle of the block between Lawrence and Jay streets, and about 114 feet west of the sidewalk line of Lawrence street. Lawrence street, from curb to curb, is about 35 feet. From the curb on the east line of Lawrence street to the building line, the sidewalk is about 15 feet more; therefore, from the east side of Lawrence street, the point of accident was distant about 165 feet. Fulton street is about 43 feet from curb to curb. It is 13 feet 9 inches from the south curb to the first track, and 23 feet 6 inches from the curb on the south side to the first rail of the west-bound track, and about 28 feet 3 inches from the south curb to the northerly rail of the west-bound track. The accident occurred between 7:30 and 8 o'clock in the evening, and at this time it was dusk. There is evidence that, when the deceased left the curb, he was seen to turn his head to the right and proceeded to cross, and that at this time the west-bound trolley car, which struck him, was not in the block, but about two houses east of Lawrence street, which would place the car at least 210 feet distant. The evidence discloses that cars proceeding east and west stopped at the trolley station, without regard to whether or not there were passengers to get on or off.

When the deceased was seen passing over the middle of the east-bound track, he was seen to look both ways. One Brown, testifying, says that before the deceased crossed there passed in front of him, on the south side, a large barrel truck going easterly; that he waited for this to pass, and then proceeded in the rear of the truck. There is evidence that, when the deceased stepped on the track on which the car which hit him was coming, the car was at the corner of Lawrence street; that its speed was increased, and it struck him, going the width of four houses before it stopped. There is also testimony that the motorman was inattentive, in that he was looking toward the north

sidewalk. There was a car proceeding east, which, when the deceased left the sidewalk, was at Smith street.

[2] These facts are in dispute; but, since there was a dismissal in the court below, the facts most favorable to the plaintiff in error must be considered in determining the correctness of the conclusion reached below. Sackheim v. Pigneron, 215 N. Y. 62, 109 N. E. 109; Place v. Railroad Co., 167 N. Y. 345, 60 N. E. 632.

[3] There is ample proof of the defendant in error's negligence, which required its submission to the jury. The chief question presented is whether, under the facts disclosed by this proof, the deceased was guilty of contributory negligence as a matter of law. The burden is upon the defendant in error to affirmatively establish facts which support the claim of contributory negligence. To make out the case of contributory negligence as a matter of law, the facts must be established beyond the possibility of two or more reasonable minds drawing different inferences from the evidence. A pedestrian lawfully attempting to cross the track must use his faculties of sight and hearing. Even though he uses his eyes and miscalculates his danger, he may still be free from fault. If the deceased attempted to cross the track of this street railroad company, and saw the car approaching at such a distance that he had reasonable ground to suppose that he was able to cross the track in safety, he was justified in the attempt. It was the duty of the operator of the street car to give him a reasonable opportunity to cross if he saw him crossing. At least, it was necessary for him to slack the speed of his car, and have it under such control as to have regard for the rights of the deceased. The deceased, in crossing the track, had the right, without being charged with contributory negligence, to assume that the operator would perform his duty.

The rights of pedestrians to cross the street must be respected. If he crossed with the car in plain sight and was imprudent in the attempt, or if he did not hasten his movements and danger was imminent, a jury might well hold that he was guilty of negligence; that he had been negligent, in fact, for trying to cross in front of a car but such a short distance away and in plain view.

[4] If the plaintiff in error's testimony be truthful, the motorman could see the deceased crossing. He had ample time and sufficient distance, if he had his car under control, to prevent running down the deceased as he was crossing. This being a trolley station, at which cars passing in either direction habitually stopped, it was not contributory negligence as a matter of law for the deceased to attempt to cross a public street at this point. He had a right to rely upon the fulfillment of the duty resting upon the street railway company to have its car in control at this point, for the paramount right of way that exists in favor of railroad companies at such crossings must be exercised with due regard for the rights of pedestrians crossing at these points.

[5] From the foregoing evidence, it is apparent that the deceased was obliged to take notice of, and have regard for, the truck loaded with barrels which passed in front of him and the trolley car which

was bound east. This required his looking up and down the street, so that he might not be endangered by the passing of either or both. His passing in the rear of the barrel truck may also have obstructed, to some extent, his view or his line of vision. With the care which it is testified the deceased exercised, and which we must accept in testing the justification for this dismissal, we are satisfied that the question of deceased's contributory negligence was one of fact for the jury.

Judgment reversed.