### BROOKLYN HEIGHTS R. CO. v. PLOXIN.

(Circuit Court of Appeals, Second Circuit. November 5, 1923.)

No. 32.

1. Street railroads &⇒98(6)—Pedestrian may rely on car stopping at station.

Where a trolley station was a regular stopping place, a pedestrian had a right to rely on the car in question stopping there, and a right to take that fact into his calculation in attempting to cross the street.

2. Appeal and error &⇒237(1), 261—Trial &⇒133(6)—Counsel's remarks in summation to jury held not error, in view of court's admonition, and counsel's failure to ask withdrawal of juror or to except.

A remark of plaintiff's counsel to the jury, referring to defendant's proof as a "rotten, seething mass of perjury on behalf of the defendant's witnesses," and a statement that defendant had these witnesses in its office reading over their statements, and had buried witnesses that could be produced, held not error, in view of the court's admonition, and the failure to take an exception at the conclusion of the summation, and the absence of a request to withdraw a juror.

3. Judgment &⇒570(5)—Dismissal of action in state court for failure of proof not bar to action in federal court.

A dismissal of an action in the state court for failure of proof is not a bar to the maintenance of a suit in the federal court.

4. Courts &⇒366(1)—Rule as to federal court following state precedent stated.

Federal courts uniformly follow the construction of the Constitution and statutes of the state announced by its highest judicial tribunal in all cases which present no case of general or commercial law, and no question of right under the federal Constitution or acts of Congress.

In Error to the District Court of the United States for the Southern District of New York.

Action by Golde Ploxin, as administratrix of the goods, chattels, and credits of Louis Ploxin, deceased, against the Brooklyn Heights Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Certiorari denied 44 Sup. Ct. 181, 68 L. Ed. ——.

George D. Yeomans, of Brooklyn, N. Y. (Thomas L. Hughes, of New York City, of counsel), for plaintiff in error.

Thomas J. O'Neill, of New York City (John A. Goodwin and Leonard F. Fish, both of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MANTON, Circuit Judge. This action is brought by an administratrix to recover damages for the loss of life of Louis Ploxin, her husband. On September 1, 1914, he was attempting to cross Fulton street, going from the south to the north side of the street, at a trolley station, when he was struck by a west-bound trolley car and met with injuries which caused his death. Fulton street runs east and west. There are east and west bound trolley tracks upon it. The trolley station, where passengers habitually board and alight from cars, is located between Lawrence and Jay streets, and is about the middle of the block. A sign "Trolley Station" is maintained at this point. Ploxin was seen to look to the right—the direction from which the car which struck him came. He also looked to the left. The car was going at a high rate of speed, and did not stop at the trolley station. He walked straight across the street. At the time he started to cross, the car was two doors east of Lawrence street. He was seen to look a second time, when a few feet from the track upon which the car which struck him was proceeding. After he was struck, the car proceeded "five house fronts" before it stopped.

There was testimony that the motorman was inattentive to his duty, and was engaged in talking to a passenger on the seat near him. Evidence offered tended to show that no bell was sounded or warning of the approach of the car given. It was also shown that cars stopped at this station, even when there was no signal for such stop. There was a car proceeding in the opposite direction. The evidence of the defendant below was in contradiction of this, and, indeed, in irreconcilable conflict with these claims. In accordance with our decision when the case was here before (Ploxin v. Brooklyn Heights Railroad Co., 261 Fed. 854) the District Judge submitted the questions of the negligence of the defendant and the contributory negligence of the plaintiff's intestate to the jury as questions of fact. It returned a verdict for the plaintiff. The evidence on this trial is in substantial accord with that adduced on the former trial. Upon such proof, we are satisfied no error was committed below in the disposition of the motions to dismiss and for the direction of a verdict. For a more detailed statement of the facts, see Ploxin v. Brooklyn Heights Railroad Co., supra.

[1] Error is assigned in the court charging as requested by the plaintiff's counsel as follows:

"Now I ask your honor, if the jury finds that this was a regular stopping place, to charge he had a right to rely that they would stop at this trolley station.

"The Court: I have already said that.

"Mr. Hughes: I except to it."

In the main charge, the court said:

"Was it the custom—it is proven to be the rule laid down by the company, and that is to be taken into consideration—but ultimately the question is: What was the custom at this time of the year, and this hour of the night, of the railroad company as to stopping or not stopping at these middle of the streets posts; because, if it was not the custom to stop, the motorman was justified in going ahead without slackening down for stopping; if it was the custom to stop, then anybody crossing the street would have a right to expect the motorman to slow down for stopping."

Thus the jury were in substance told that, if they found the trolley station was a regular stopping place, the deceased had a right to rely upon the fact that they would stop at this trolley station. He had a right to take this fact into his calculations in his attempt to cross the street. It is an element which they might well have considered. Upon the former appeal, we said:

"If the plaintiff in error's testimony be truthful, the motorman could see the deceased crossing. He had ample time and sufficient distance, if he had his car under control, to prevent running down the deceased as he was crossing. This being a trolley station, at which cars passing in either direction habitually stopped, it was not contributory negligence as a matter of law for the deceased to attempt to cross a public street at this point. He had a right to rely upon the fulfillment of the duty resting upon the street railway company to have its car in control at this point, for the paramount right of way that exists in favor of railroad companies at such crossings must be exercised with due regard for the rights of pedestrians crossing at these points."

The charge as given and requested we regard in conformity with the rule of law laid down for the trial judge upon the new trial which was granted upon the former appeal.

[2] Error is assigned for improper remarks of counsel for the plaintiff in his summation to the jury. Counsel referred to the defendant's proof as a "rotten, seething mass of perjury on behalf of the defendant's witnesses." An exception was further taken in the following language:

"I also take exception to the statement argued to this jury that we have had these witnesses down reading over their statements in the B. R. T. offices, or that we have buried any witnesses that could be produced here."

To this the court replied, "There is no proof of that." Upon request of defendant's counsel that the jury disregard such statement, and "to instruct the lawyer for the plaintiff to argue the facts of the case," the court replied that it must be argued on the evidence adduced. With this admonition, the summation continued, and at the conclusion there were no exceptions taken. Counsel for the defendant below did not request the withdrawal of a juror, and the court granted the relief sought by defendant's counsel in the admonition to the trial counsel for the plaintiff below. We find no error in such disposition of the objection raised.

[3] Previous to the commencement of this action, the plaintiff below, as administratrix, sued in the New York state Supreme Court. That action resulted in a dismissal of the complaint by the Appellate Division of the Supreme Court, and there was an affirmance of such disposition in the state Court of Appeals. On the former appeal we held that the dismissal was not upon the merits, but for failure of proof, and that such disposition of the action in the state court was not a bar to the maintenance of this suit in the District Court of the United States. Bingham v. Wilkins, 3 Fed. Cas. 407, No. 1,416; Wheeler v. Ruckman, 51 N. Y. 391; Hopedale v. Storage Co., 132 App. Div. 348, 116 N. Y. Supp. 859; Ploxin v. B. H. R. Co., supra. The right to maintain this action rests by virtue of section 130 of the Decedent Estate Law of the state of New York (Consol. Laws, c. 13), where the death occurred. However, the disposition of the case in the state

courts was not an interpretation of a state statute. The right to maintain the action by virtue of this statute existed, if the defendant below was proven negligent and the plaintiff below free from contributory negligence.

[4] The national courts uniformly follow the construction of the Constitution and the statutes of a state announced by its highest judicial tribunal in all cases which present no question of general or commercial law, and no question of right under the national Constitution or the acts of Congress. Johnson v. City of St. Louis, 172 Fed. 31, 96 C. C. A. 617, 18 Ann. Cas. 949; Maiorano v. B. & O. R. Co., 213 U. S. 269, 29 Sup. Ct. 424, 53 L. Ed. 792. Our conclusions are not in conflict with the state court's determination of the right to maintain this action under section 130 of the Decedent Estate Law. We have adjudged this case, after a failure of proof in the state court, upon additional and amplified proof offered on the trial of the action in a federal court.

Judgment affirmed.

HOUGH, Circuit Judge, heard the argument, but has not seen this opinion as prepared, because of necessary absence.