## ST. LOUIS SOUTHWESTERN RY. CO. v. S. H. BOLINGER & CO., Limited.

(Circuit Court of Appeals, Fifth Circuit. March 7, 1922.)

No. 3702.

**1. Carriers ☞29—Tap line, to share in joint rates, must be common carrier.**

A tap line, to be entitled to share in the division of joint rates, must be a common carrier, and not a mere plant facility.

**2. Carriers ☞30—Tap line must file or concur in published tariff, to have milling in transit privilege.**

To entitle a tap line to avail itself of the milling in transit privilege, it must make reports to the Interstate Commerce Commission and file or concur in tariff.

In Error to the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Action at law by S. H. Bolinger & Co., Limited, against the St. Louis Southwestern Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

J. D. Wilkinson and C. Huffman Lewis, both of Shreveport, La. (Wilkinson, Lewis & Wilkinson, of Shreveport, La., on the brief), for plaintiff in error.

Newton C. Blanchard, Elias Goldstein, and H. C. Walker, Jr., all of Shreveport, La., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The petition, filed by defendant in error, alleges that prior to October 15, 1911, plaintiff in error and its railroad

connections were parties to joint tariffs, on file with the Interstate Commerce Commission, which named blanket rates on lumber, which originated on the railroad of the Martindale & Ouachita River Railway, to all points of destination; that, while said rates were in effect, defendant in error manufactured 1,214 cars of lumber at its sawmill at Bolinger, La., a station located upon the railroad of plaintiff in error, and there delivered the same to plaintiff in error for shipment; that the lumber thus delivered was manufactured out of logs hauled by the Martindale & Ouachita River Railway over its railroad; that during the pendency of the Tap Line Cases, the Martindale & Ouachita River Railway, in error as to its legal rights, disclaimed being a common carrier, but that, notwithstanding this, "it performed every service a common carrier performs under like circumstances," and plaintiff in error by published tariffs continued to treat it as such; that the Martindale & Ouachita River Railway had been liquidated; and that defendant in error had owned all its stock, had acquired all its assets, and thereby had become entitled to a division of rates on the shipments of lumber above set forth.

The District Judge overruled a demurrer based upon the ground that the petition states no cause of action, and, upon an agreed statement of facts, entered judgment for defendant in error.

[1] We are of opinion that error is well assigned upon the order overruling the demurrer. A tap line may share in the division of joint rates, but in order to do so it must be a common carrier, and not a mere plant facility. Tap Line Cases, 234 U. S. 1, 34 Sup. Ct. 741, 58 L. Ed. 1185. The petition nowhere alleges that the tap line of the Martindale & Ouachita River Railway was a common carrier. The allegation that it performed services which a common carrier performs under like circumstances is not sufficient, or inconsistent with the idea that it was a plant facility or private carrier. While the petition alleges that the tap line disclaimed being a common carrier under a mistake as to its legal rights, yet it fails to allege that the facts were not as stated in its disclaimer. The allegation that plaintiff in error treated the tap line as though the latter were a common carrier obviously is not entitled to any weight. If it were, an easy method would be afforded of giving rebates to shippers.

[2] The milling in transit privilege has been recognized by this court in Illinois Central Railroad Co. v. Brooks-Scanlon Co., 241 Fed. 445, 154 C. C. A. 277; but, in order for a tap line to avail itself of that privilege, it is necessary for it to make reports to the Interstate Commerce Commission, and to file or concur in tariffs. Central Yellow Pine Association v. Vicksburg & R. R. Co., 10 Interst. Com. Com'n R. 193, text 216; Star Grain & Lumber Co. v. Atchison, etc., Ry. Co., 17 Interst. Com. Com'n R. 338, text 343.

The petition fails to aver that the tap line filed a separate tariff, or that it concurred in the tariff filed by defendant in error and its connections. It is true the petition avers that plaintiff in error and its connections were parties to joint tariffs on file with the Interstate Commerce Commission; but, considering the petition as a whole, it is apparent that the connections referred to were those other railroads,

which together with plaintiff in error carried lumber from the sawmill at Bolinger, to destination. The petition does not allege that the tariffs purported to include the transportation of logs to the sawmill located upon the railroad of plaintiff in error, or that the tap line, prior to its dissolution, ever asserted any claim for a division of rates. Apparently it adhered to its public announcement that it was not a common carrier.

It is unnecessary to determine whether the errors of pleading, as we conceive, are such as are capable of being rendered harmless by proof, and of being cured after judgment; because the facts agreed upon did not make out a better case than that stated in the petition.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.