## ST. LOUIS SOUTHWESTERN RY. CO. v. S. H. BOLINGER & CO., Limited.*

(Circuit Court of Appeals, Fifth Circuit. March 5, 1927. March 30, 1927.)

No. 4793.

1. **Appeal and error 🌫️850(2)—Review of general judgment on trial to court by stipulation without special fact findings is limited to supporting evidence and errors properly presented or apparent on record.**

Where an action at law is tried to the court by stipulation, and a general judgment is entered without special findings of fact, the appellate court is limited to an inquiry as to whether there is any evidence in the record that will support the judgment and an examination of such errors of law as may be properly presented or are apparent on the record.

2. **Judgment 🌫️572(2)—Judgment for insufficiency of pleading to state cause of action does not bar second action.**

A judgment, based on insufficiency of pleading to state cause of action, and not on the merits, does not bar second action.

3. **Limitation of actions 🌫️130(5)—Limitations under statute held interrupted by prior suit on same cause of action, which was dismissed (Civ. Code La. art. 3544).**

Prior suit on same cause of action, dismissed on an exception of no cause of action, *held* to have interrupted the running of limitation prescribed by Civ. Code La. art. 3544.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action at law by S. H. Bolinger & Co., Limited, against the St. Louis Southwestern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. D. Wilkinson, C. H. Lewis, and W. S. Wilkinson, all of Shreveport, La. (Wilkinson, Lewis & Wilkinson, of Shreveport, La., on the brief), for plaintiff in error.

H. C. Walker, Jr., of Shreveport, La. (Blanchard, Goldstein & Walker, of Shreveport, La., on the brief), for defendant in error.

*Rehearing denied March 30, 1927.

Before WALKER, BRYAN and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. [1] In this case defendant in error, hereafter called plaintiff, brought suit against plaintiff in error, hereafter called defendant, to recover $6,591.61, alleged to be due the Martindale & Ouachita River Railway Company on a division of freight collected by defendant on joint through rates; plaintiff having acquired the assets, and succeeded to the rights, of said company. Defendant interposed pleas of res adjudicata and the prescription of two and ten years under the law of Louisiana. These pleas were overruled. The jury was waived, and the case submitted to the district judge on a stipulation as to certain facts and the testimony of one witness. The court entered a general judgment in favor of plaintiff for $2,010.78, without making any special findings of fact. In this situation we are limited to an inquiry as to whether there is any evidence in the record that will support the judgment and an examination of such errors of law as may be properly presented or are apparent on the record. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478.

[2] On the plea of res adjudicata defendant relies upon a judgment in a former suit on the same claim brought in the District Court for the Western District of Louisiana, and decided on writ of error in this court adversely to plaintiff. 279 F. 564. In that suit the petition was dismissed on an exception of no cause of action, and the judgment was not on the merits. That judgment is not a bar to the instant suit. Gould v. Evansville, etc., R. Co., 91 U. S. 526, 23 L. Ed. 416.

[3] The plea of prescription of two years is based on Act 223 of 1914, Acts of La. This statute relates solely to the recovery of erroneous freight charges and claims for loss of or damage to shipments of freight and has no application to the present controversy. The plea of prescription of ten years is based on article 3544 of the La. Civil Code. That plea would be good had prescription not been interrupted by the filing of the first suit above referred to. That suit undoubtedly interrupted the running of the statute, and therefore the plea was properly overruled. La. Civil Code, arts. 3518, 3551; section 27, Act 267 of 1914, Acts of La.; McCubbin v. Hastings, 27 La. Ann. 713; Anding v. T. & P. Ry. Co., 158 La. 412, 104 So. 190; Smith v. McNeal, 109 U. S. 427, 3 S. Ct. 319, 27 L. Ed. 986.

Coming now to the merits of the case, it is not questioned that the Martindale &

Ouachita River Railway Company and defendant had entered into a private agreement for a division of rates to be charged on logs from the woods, with a milling in transit provision, had filed joint tariffs with the Interstate Commerce Commission, under which plaintiff made reports to said Commission, and, if plaintiff is entitled to judgment at all, the amount awarded is correct. The sole question in dispute, therefore, is whether the Martindale & Ouachita River Railway Company was a common carrier. On this point it is sufficient to say that there is evidence in the record tending to show that the railroad was a common carrier, and that question was for the District Court to decide.

Affirmed.