### JOHN D. PARK & SONS CO. v. BRUEN et al.

(Circuit Court, S. D. New York. June 17, 1905.)

1. RES JUDICATA—CONCLUSIVENESS OF JUDGMENT—NEW YORK STATUTE.
    Under Code Civ. Proc. N. Y. § 1209, which provides that "a final judgment dismissing the complaint * * * does not prevent a new action for the same cause of action unless it expressly declares, or it appears by the judgment roll that it is rendered upon the merits," a failure to

state expressly, either in the judgment itself, or in some order directing the judgment, that the dismissal was on the merits does not permit a new suit for the same cause of action without further investigation; but it is the duty of the court in which the judgment is pleaded as a bar to a second suit to examine the judgment roll, and determine the question therefrom.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1028–1032.]

2. SAME—IDENTITY OF CAUSES OF ACTION.

A suit in a federal court *held* not barred by a prior judgment of a state court between the same parties, dismissing a complaint filed by complainant on a general demurrer, on the ground that the bill in the second suit alleged new facts, constituting a different cause of action.

In Equity. On plea of res judicata.

Henry T. Fay and Elihu Root, for complainant.
Robinson, Biddle & Ward, for defendants.

PLATT, District Judge. The plea herein sets up as a bar to the bill a final judgment in the Supreme Court of the state, dated May 15, 1900, sustaining a demurrer to an amended complaint filed in that court, and dismissing the complaint. It is not expressly declared in the judgment roll of the state court that the complaint was dismissed upon the merits.

Section 1209 of the Code of Civil Procedure says:

"A final judgment, dismissing the complaint * * * does not prevent a new action for the same cause of action, unless it expressly declares or it appears by the judgment roll, that it is rendered upon the merits."

The contention that a failure to state expressly, either in the judgment itself, or in some order directing the judgment, that the dismissal was "on the merits," permits, without further investigation, a new suit for the same cause of action, is not sound. Alley v. Nott, 111 U. S. 475, 4 Sup. Ct. 495, 28 L. Ed. 491.

The demurrer as filed was equivalent to a general demurrer, and goes far beyond mere matters of form. It admitted all well pleaded facts as completely as if they had been established by proof, and raised the legal issue that such facts did not constitute a cause of action. In that situation the judgment was, without doubt, upon the merits.

Leave to amend was not demanded or suggested, for the obvious reason that the complainant did not have in hand pertinent facts which would change its case. The protracted struggle had exhausted everybody, and rest was essential before gathering thought for a fresh start.

It is the duty of this court, as I view it, to examine the judgment roll, and determine whether the case in the state complaint is the same case which appears in the bill at bar. We must discover whether the bill involves any legal issues which were not deducible from the complaint. The test is not whether they were, but, rather, whether they could have been, raised on the facts in the complaint.

Upon examining the bill and complaint, it appears that many acts done by defendants since 1896 are now complained about,

whereas the acts set forth in the state court complaint were alleged to have been committed at that time. If the acts alleged in 1896 constitute a certain mode of action, and those now set forth as having been committed later constitute the same mode of action, it seems clear that a judgment sanctioning as lawful the methods adopted in 1896 would preclude a complaint against similar methods in 1904, as between the same parties and their privies. Otherwise there would be no end to litigation, so long as the respective parties retain their cash and courage. In some ways, however, it strikes me the case in the bill is not the case of the complaint. An analysis of both, pointing out the distinctions, would make too long a story. As we run along, it may be well to allude incidentally to the more accentuated ones.

The state court found that restraint of trade to be unlawful must either tend to enhance the price or to narrow the territory. No fault could attach as to price, because the goods were so situated as to be the subjects of an inherent monopoly, and as to territorial restriction, no facts were alleged from which such a thing could be inferred.

It is not clear that in the present bill the facts have been so changed as to avoid the argument of the state court on the first point, but in the matter of territorial restriction, the case now set up appears to be radically different. Then again, the averments about the tripartite plan, which is a joint agreement of wholesalers, manufacturers, and retailers, extending the restriction of prices so that it includes the consumer; and again, the exhaustive exploitation of the judicial powers conferred upon the committee on proprietary goods as a part of the unlawful plan; and again, the facts tending to show that manufacturers are hindered and restrained from dealing with complainant by reason of the rebate plan, but that they would so deal if it were not for the plan; and again, the facts showing that the committee on proprietary goods have charged the complainant with first joining the rebate plan, and then failing to live up to it, thus smirching its business character and injuring its trade; and the threats to break up the business of any one who shall presume to sell goods to the complainant; and the threats that after breaking up complainant's business, no goods will be sold to complainant's customers, putting them on cut-off lists and black lists for that purpose, thereby depriving the complainant of many of its present customers. As I have said, for these differences, and for many others which will appear after careful examination, the case made up in the bill is not, as I view it, the case made up in the complaint.

Let the plea be overruled, with costs.