CHEATHAM ELECTRIC SWITCHING DEVICE CO. v. TRANSIT
DEVELOPMENT CO. et al.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

No. 79.

1. JUDGMENT (§ 956*)—RECORD IN PRIOR ACTION—EVIDENCE.

In a suit in equity for infringement of patents, the record in a prior action at law between the same parties for infringement of the same patents is admissible, to determine exactly what questions were rendered res judicata by the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1822–1825; Dec. Dig. § 956.*]

2. JUDGMENT (§ 739*)—SUIT FOR INFRINGEMENT—RES JUDICATA.

Where defendants in an action at law for infringement after commencement of the action installed and used other devices of the same kind as those subsequently held to infringe, which for that reason could not be recovered for therein, plaintiff may recover in a suit in equity for such infringement.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1105, 1267; Dec. Dig. § 739.*]

Appeal from the District Court of the United States for the Eastern District of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit in equity by the Cheatham Electric Switching Device Company against the Transit Development Company and another. Decree for complainant, and defendants appeal. Affirmed.

For opinion below, see 203 Fed. 285.

T. J. Johnston, of New York City, for appellants.

O. E. Edwards, Jr., of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is an appeal from an interlocutory decree, awarding an injunction and accounting for infringement of United States letters patent 612,702 and 917,541 for an automatic railway switch. The bill was filed July 14, 1911.

[1]. The complainant offered in evidence what was stipulated to be a copy of the record in two actions at law begun January 4, 1911, which were tried together, against the defendants in this cause, to recover damages for infringement of the same patents. It was objected that the witnesses should be called and examined. This is not like an attempt to use the testimony of witnesses on a former trial in a subsequent trial, but simply to ascertain exactly what controversies were settled by the judgment. For this purpose it is proper to examine the record itself. Packet Co. v. Sickles, 5 Wall. 580, 592, 18 L. Ed. 550. The record discloses that the jury awarded damages for infringement of 8 switch-throwing mechanisms known as "Type No. 14." The judgment is, therefore, sufficiently certain to be res adjudicata, in this suit between the same parties, that at least one of the claims of each of the patents sued on is valid and that the defendants have infringed if they have sold or used switches like Type No. 14.

[2] It is stipulated that the defendant, the Transit Company, has purchased and installed 35 switching devices like Type No. 14. The stipulation shows that 7 of these devices have been installed since the beginning of the action at law on the line of the Nassau Railroad Company. As only damages for infringement before action brought can be recovered at law (3 Robinson on Patents, § 1058), these switches could not have been recovered for in the actions at law. Therefore, at least as to them, the Nassau Company as a user is an infringer. The Transit Company under an agreement with the Nassau Company furnishes the electric power by which through the movement of cars these switches are operated and also maintains the switches in repair. Whether this makes it a contributory infringer is a question which need not now be passed upon. It installed these switches since the beginning of the action at law, a circumstance which makes it a direct infringer. These considerations are enough to sustain the decree. The extent of the infringement will be a subject for inquiry on the accounting.

Decree affirmed, with costs.