NAUYALIS v. PHILADELPHIA & READING COAL & IRON CO.

(Supreme Court, Appellate Division, Second Department.   December 24, 1915.)

1. TRIAL ⬅178—TAKING CASE FROM JURY—DISMISSAL OR DIRECTED VERDICT.
    It was an error in form to dismiss the complaint on the merits at the close of the entire case, where there was a motion by defendant for the direction of a verdict.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 401–403; Dec. Dig. ⬅178.]

2. APPEAL AND ERROR ⬅1152—DISPOSITION OF CAUSE—MODIFICATION OF JUDGMENT.
    Where the court at the close of the entire case dismissed the complaint on the merits, instead of directing a verdict for defendant, but no objection was made to this error in form, the Appellate Division could correct the error by modifying the judgment.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. ⬅1152.]

3. MASTER AND SERVANT ⬅95½—LIABILITY FOR INJURIES—EXISTENCE OF RELATION.
    Under Act Pa. June 2, 1891 (P. L. 176), and the acts amendatory thereof and supplemental thereto, under which mines are under the control of a mine foreman, and the decisions of the Pennsylvania courts construing such acts, a mine owner was not liable for an injury to a workman in the mine, due to acts or omissions of persons under the control of the mine foreman.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 358; Dec. Dig. ⬅95½.]

4. STATUTES ⬅281—FOREIGN STATUTES—EVIDENCE ADMISSIBLE UNDER PLEADINGS.
    In an action for injuries sustained in another state from the acts or omissions of persons for whose negligence it was sought to hold defendant liable under the doctrine of respondeat superior, a statute of such state, under which the mine and the persons whose acts or omissions caused the injury were under the control of a mine foreman, and the decisions of the courts of such state construing such statute, were admissible under the issue formed by a denial, as plaintiff was bound to show the existence of the relationship upon which defendant's liability was sought to be established, and the evidence in question tended to disprove the essential fact of such relationship.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 380, 381; Dec. Dig. ⬅281.]

5. STATUTES ⬅281—FOREIGN STATUTES—NECESSITY OF PLEADING.
    It is unnecessary to plead a foreign statute, unless it is the foundation of a liability or a defense.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 380, 381; Dec. Dig. ⬅281.]

Appeal from Trial Term, Richmond County.

Action by Matt Nauyalis against the Philadelphia & Reading Coal & Iron Company.   From a judgment dismissing the complaint upon the merits, plaintiff appeals.   Modified and affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and RICH, JJ.

John C. Hollemback, of New York City, for appellant.
Pierre M. Brown, of New York City, for respondent.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

STAPLETON, J. The plaintiff, injured through the negligence of a person or persons other than the defendant, sued the defendant to recover damages. He places the defendant's liability upon the common-law doctrine of respondeat superior. The defendant pleaded a denial of the facts alleged to bring the case within that doctrine. It proved, by the uncontradicted evidence of a witness whose credibility presented no question of fact, that the mine in which the plaintiff was working, and all the persons whose acts or omissions are alleged to have caused his injury, were under the control of a mine foreman acting under a statute of the state of Pennsylvania (Act June 2, 1891; Laws Pa. 1891, p. 176, No. 177), commonly known as the "Anthracite Mining Law" of Pennsylvania, and the acts amendatory thereof and supplemental thereto.

[1, 2] The statute, and the decisions of courts in Pennsylvania construing it, were received in evidence, despite the plaintiff's objection, and to the ruling he excepted. At the close of the entire case the learned trial court dismissed the complaint on the merits, although there was a motion for the direction of a verdict for the defendant. While this disposition presents an error in form, we may, no objection having been made, correct the error by modification, if the conclusion is sound. Stumpf v. Hallahan, 101 App. Div. 383, 91 N. Y. Supp. 1062, affirmed 185 N. Y. 550, 77 N. E. 1196; Niagara F. Ins. Co. v. Campbell Stores, 101 App. Div. 400, 402, 92 N. Y. Supp. 208.

[3] If the evidence to which we have adverted is receivable under the denial in the answer, a verdict should have been directed for the defendant. Bigus v. Lehigh & Wilkesbarre Coal Co., 160 App. Div. 838, 146 N. Y. Supp. 107.

[4] The plaintiff assigns as capital error the reception of the evidence, because the defendant did not plead the statute as new matter constituting a defense. That course of pleading was unnecessary. The evidence is relevant to the issue raised by the denial. The plaintiff was bound to show that a relationship, upon the existence of which the defendant's liability could be legally established, existed between the defendant and the person or persons actually negligent. The evidence received tended to disprove the essential fact of that relationship, and it was receivable under the issue formed by the denial. Ontario Bank v. N. J. Steamboat Co., 59 N. Y. 510, 514.

[5] It is unnecessary to plead a foreign statute, unless it is the foundation of a liability or a defense. Archer v. N. Y., N. H. & H. R. R. Co., 106 N. Y. 589, 602, 13 N. E. 318; Cutler v. Wright, 22 N. Y. 472, 474; Berry v. Urban Water Supply Co., 163 App. Div. 21, 148 N. Y. Supp. 67.

I advise that the judgment be modified, by providing that it was entered upon the direction of a verdict, and, as so modified, affirmed, with costs. All concur.