WATTS·v. WESTON et al.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 11.

1. JUDGMENT ⟨⟩593—JUDGMENT AS BAR—MATTERS CONCLUDED.
    Where a continuing contract was terminated by the absolute refusal of the party whose action was necessary to further perform, a claim for damages on account of the breach constituted an indivisible demand, and when the same or any part of the same was pleaded, litigated, and final judgment rendered, such suit and judgment constitute a bar to subsequent demands which were or might have been litigated therein.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1108; Dec. Dig. ⟨⟩593.]

2. JUDGMENT ⟨⟩588—JUDGMENT AS BAR—MATTERS CONCLUDED.
    The bar of a judgment for plaintiff for nominal damages in an action on a guaranty of performance of a contract by a third person, who had wholly repudiated the contract and refused to perform, *held* not avoided by pleading in a second action a modification of the contract, which might have entitled plaintiff to substantial damages.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062, 1090; Dec. Dig. ⟨⟩588.]

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Emily Watts, as executrix, against Walter Weston and Alfred J. Weston. Judgment for defendants, and plaintiff brings error. Affirmed.

See, also, 227 Fed. 1023, 141 C. C. A. 673.

Writ of error to a judgment of the District Court, entered upon a verdict directed for defendant.

Lowen E. Ginn, of New York City, for plaintiff in error.

Clarke M. Rosecrantz, of New York City, for defendants in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. A generation has passed since the controversy arose of which this case is the latest fruit.· Transfers and devolutions of interest have occurred, but, as there is no question presented requiring reference thereto, the case will be ·considered as if the present plaintiff and defendant had themselves transacted all the business hereinafter referred to.

The present action began in 1898, was tried in 1900, and the judgment to which this writ was taken entered in 1914; under the mandate directed by this court in Re Watts, 214 Fed. 80, 130 C. C. A. 520. The verdict which plaintiff assigns as error was directed because the trial court held the judgment affirmed by us in Watts v. Weston, 62 Fed. 136, 10 C. C. A. 302, a bar to the present suit. That earlier action between these parties began in 1890, and will be referred to as the '90 suit; this litigation will be called the '98 suit.

In 1880 the firm in which defendant was then a partner, and to whose rights plaintiff has succeeded, made a contract· with one Kne-

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

vals, whereby the latter agreed to consign to them "the entire production of coal" from a certain colliery, "at a price to be agreed upon from month to month on or about the 1st of each month." In 1885 Weston retired from the firm, transferred his interest therein and in the Knevals contract to Watts, and agreed to guarantee or indemnify the latter "against any and all loss or losses, damage or damages, that might arise from or by reason of any default or breach" on the part of Knevals, in respect to the coal agreement aforesaid. Shortly thereafter Knevals "ceased and refused to consign and deliver" coal under said contract, as is stated in the complaint; in point of fact he wrote a letter absolutely refusing to ship any more coal.

It is most favorable to plaintiff to hold, as we do, that the foregoing facts were either admitted or proven in the suits of both '90 and '98. When they had been shown in the earlier action, the trial court directed a verdict of 6 cents for the plaintiff. The reasons for the direction are set forth in the opinion rendered by us on writ of error. 62 Fed. 136. Our findings are authoritative, because the reasons given by a higher court for affirming the action of a lower court become (so to speak) the legal meaning of that lower court's judgment, whatever may have been the reasoning or opinion of the trial judge.

It follows that the judgment in the '90 suit held, and holds finally as between these parties, that the Knevals contract was valid, that Knevals had committed a breach thereof, that Watts was entitled to recover on Weston's guaranty against such breach, but that the recoverable damages were nominal only.

The single difference between the '90 suit and this of '98 is as follows: At the trial of the earlier action plaintiff sought to amend in order to show a modification (made in 1884) of the Knevals contract, which (we will assume) would have rendered legally possible the ascertainment of substantial damages. Leave so to amend was refused, and the refusal approved as reasonable by this court. In this action plaintiff has pleaded and (we assume) proved the same modification. On this difference alone is this belated writ of error founded.

[1] Obviously, Knevals' categorical refusal to ship any more coal completed Watts' cause of action and perfected his right to the fullest damages the case would ever permit, long before the '90 suit was ever begun. Allen v. Field, 130 Fed. at page 651, 65 C. C. A. 19; Anvil Mining Co. v. Humble, 153 U. S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814.

It is enough to show the lack of merit in the present contention to point out as an inexorable rule of law that, when Knevals' contract was discharged by his total repudiation thereof, Watts' claims for breaches and damages therefor "constituted an indivisible demand, and when the same, or any part of the same, was pleaded, litigation had and final judgment rendered, such suit and judgment constitute a bar to subsequent demands which were or might have been litigated." Bucki, etc., Co. v. Atlantic, etc., Co., 109 Fed. at page 415, 48 C. C. A. 459. Cf. Landon v. Bulkley, 95 Fed. 344, 37 C. C. A. 96.

The rule is usually applied in cases of alleged or supposed successive breaches, and consequently severable demands for damages;

but if the contract has been discharged by breach, if suit for damages is all that is left, the rule is applicable, and every demand arising from that contract and possessed by any given plaintiff must be presented (at least as against any given defendant) in one action; what the plaintiff does not advance he foregoes by conclusive presumption.

[2] The legal proposition on which plaintiff here stands is that the causes of action in the two suits are not the same. In method of statement, as to media concludendi (United States v. California, etc., Co., 192 U. S. 355, 24 Sup. Ct. 266, 48 L. Ed. 476; United States v. Dalcour, 203 U. S. at page 423, 27 Sup. Ct. 58, 51 L. Ed. 248) or form of action, this may be admitted as true; and it was held on the writ to the judgment in the '90 suit that by amendment to turn the complaint in that action (practically) into the complaint in this, would change the cause of action.

It is not necessary to consider at length that familiar phrase, which is used in several senses, and whose meaning is often to be tested by surroundings or context. The '90 record shows that Watts did not ask for a dismissal, or voluntary nonsuit, nor to withdraw a juror. He stood on a breach of Weston's guaranty by reason of Knevals' default, asserting that the nebulous words as to price in the coal contract of 1880 meant market prices, and assigned as error that his specific request to go to the jury on that theory was denied. This he did with full knowledge of the demand, or rather method of stating the same, now so strenuously urged. Having thus chosen his line of attack, it makes no difference whether the decisions as to advancing all existing unliquidated demands in one suit, or the rule frowning on successive but different methods of reaching the same result, be appealed to; either is fatal to plaintiff's cause.

Suit was brought in 1890 on the same guaranty which is at the basis of this action; and in legal contemplation Watts proved damages of 6 cents. With the same knowledge as he then had, he now demands on the same guaranty more damages, reached, however, by a slightly different road. He had his day in court, and the judgment entered as of that day is a bar to his further proceeding.

Judgment affirmed, with costs.

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes