## SRERE et al. v. GOTTESMAN et al.

(Circuit Court of Appeals, Second Circuit.   November 10, 1920.)

No. 38.

Judgment ☞622(2)—Bars second action, although different evidence is relied on.

> Where defendants, in an action for the price of a commodity sold and delivered under a continuing contract, pleaded a counterclaim for damages for an alleged anticipatory breach by refusal of plaintiffs to make further deliveries, an adverse judgment on such counterclaim *held* a bar to a second action by the purchaser on the same cause of action, based on different evidence to establish the breach, but which might have been produced in the first action.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by Alfred A. Srere and another, partners, etc., against Mendel Gottesman and another, partners, etc.   Judgment for defendants, and plaintiffs bring error.   Affirmed.

For opinion below, see 254 Fed. 217.

Holmes, Rogers & Carpenter, of New York City (C. P. Rogers and Vincente K. Smith, both of New York City, of counsel), for plaintiffs in error.

Leventritt, Cook, Nathan & Lehman, of New York City (H. Nathan and I. Howard Lehman, both of New York City, of counsel), for defendants in error.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge.   Srere Bros. & Co. seek to recover damages in this action in the sum of $200,000 because of the refusal of Mendel Gottesman & Son to make deliveries of sulphite pulp in the year 1917 under a contract beginning April 15, 1915, and ending December 31, 1917.   They rely particularly on a letter dated February 3, 1916, reading as follows:

"New York, February 3, 1916.

"Registered.

"Messrs. Srere Bros. & Co., Franklin, Ohio—Gentlemen: We have repeatedly written you within the last few months regarding your account, which is in a deplorably overdue condition.   We now wish to serve notice on you that, unless settlement is in our hand not later than February 8th, we will cancel the balance of your contract in accordance with clause 10.

"Yours very truly,                              M. Gottesman & Son,

"Per D. S. Gottesman."

The defense is that a judgment in favor of M. Gottesman & Son in a prior action instituted May 22, 1916, wherein they were plaintiffs and Srere Bros. & Co. were defendants is res adjudicata, estopping Srere Bros. & Co. from maintaining this action.   In that action M. Gottesman & Son sued Srere Bros. & Co. for moneys claimed to be due them under the contract upon a settlement of disputes between September 27 and December 31, 1916.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

July 18, 1916, Srere Bros. & Co. filed an answer denying the allegations of the complaint as to their own indebtedness and pleading a counterclaim for damages in the sum of $200,000 on the ground that M. Gottesman & Son had in the month of October, 1915, wrongfully declared the contract terminated and had refused to perform it further. July 25, 1916, M. Gottesman & Son filed a replication denying each and every allegation of the counterclaim.

September 13, 1916, Srere Bros. & Co. filed a bill of particulars of their counterclaim in the form of correspondence between September 28, 1915, and January 18, 1916, and not including the letter of February 3, 1916. Srere Bros. & Co. treated the refusal set up in their counterclaim in the first action, the wrongful cancellation of the contract by M. Gottesman & Son, as an anticipatory breach of an executory contract or contracts entitling them to a present recovery for all damages down to the date of complete performance. This was quite proper under Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953. The counterclaim was never withdrawn.

Judgment was entered on the verdict of the jury in the first action in favor of M. Gottesman & Son for a part of the amount claimed by them to be due from Srere Bros. & Co. in 1915, nothing being allowed on their counterclaim. In the present case, both parties having moved for the direction of a verdict, Judge Learned Hand directed judgment in favor of the defendants.

Srere Bros. & Co. contend that because their counterclaim set up a wrongful cancellation as of October, 1915, and the evidence contained in their bill of particulars referred to transaction in 1915, and particularly because the letter of February 3, 1916, now relied on, was not included in it, they have, notwithstanding they were defeated on their counterclaim, a right to sue for damages, and that the judgment in the first action is not res adjudicata. But the counterclaim in the first action and the claim in the present action are for exactly the same thing, viz. damages sustained by Srere Bros. & Co. because of M. Gottesman & Son's refusal to carry out the contract. They cannot, having the letter of February 3, 1916, in their hands, restrict their counterclaim to October, 1915, and subsequently assert it as of February, 1916. They could have proved in the original action everything known to them in support of their counterclaim, and are estopped not only as to what they did prove, but as to what they could have proved. Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; United States v. California Co., 192 U. S. 355, 24 Sup. Ct. 266, 48 L. Ed. 476; Watts v. Weston, 238 Fed. 149, 151 C. C. A. 225; Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470.

We are not required to determine whether the letter of February 3, 1916, now relied on, was or was not an effective cancellation of the contract, because the judgment in favor of M. Gottesman & Son is an absolute adjudication that they did not refuse to perform the contract, and that Srere Bros. & Co. have sustained no damages.

The judgment is affirmed.