## NAUYALIS v. PHILADELPHIA & READING COAL & IRON CO.

(Circuit Court of Appeals, Second Circuit. November 24, 1920.)

No. 46.

1. **Judgment ⬤588—Bar not avoided by alleging additional ground of recovery.**

   Where the cause of action is the same, the bar of a prior judgment is not avoided because in the second action a statute is relied on as an additional ground of recovery.

2. **Judgment ⬤660—Conclusive as bar, though erroneous in form.**

   Where it appears from the judgment roll that an action was disposed of in the trial court by granting a motion for directed verdict, the judgment is conclusive as a bar, although in form it dismissed the complaint on the merits.

In Error to the District Court of the United States for the Eastern District of New York.

Action at law by Matt Nauyalis against the Philadelphia & Reading Coal & Iron Company. Judgment on a directed verdict for defendant, and plaintiff brings error. Affirmed.

Thomas J. O'Neill, John A. Goodwin, and Leonard F. Fish, all of New York City, for plaintiff in error.

Pierre M. Brown, of New York City, for defendant in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. [1] Plaintiff sues to recover for personal injuries sustained while in the employment of defendant at a colliery in Pennsylvania. The complaint charges negligence in the operation of a train of cars belonging to defendant, and relies also for recovery upon violation of certain statutes of the state of Pennsylvania.

Before this action, plaintiff sued defendant in the courts of New York to recover for the same injuries and was defeated. Nauyalis v. Philadelphia, etc., Co., 170 App. Div. 500, 156 N. Y. Supp. 357; appeal dismissed 224 N. Y. 547, 120 N. E. 870. The sole question decided below and brought up by this writ is whether the adjudication in the state courts constitutes a bar to the present proceeding.

Some question was made below as to whether the cause of action was the same. The method of statement in the present complaint varies from that in the earlier pleading, in that no effort was made in the

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

state court to rely upon the Pennsylvania statute. This is merely varying the reasons assigned for recovery, or what Justice Holmes has called the media concludendi. United States v. California, etc., Co., 192 U. S. 355, 24 Sup. Ct. 266, 48 L. Ed. 476. The cause of action remains the same. Watts v. Weston, 238 Fed. 149, 151 C. C. A. 225. This plaintiff never had, so far as we are informed, but one cause of action. Cf. Payne v. New York, etc., Co., 201 N. Y. 436, 95 N. E. 19.

[2] It is, however, sought to avoid the bar of the state court judgment by a point of New York practice. Nauyalis' Case in the state Supreme Court was tried before a jury, and at the close of the whole evidence the trial judge entertained a motion to direct a verdict for the defendant, and then proceeded to dismiss "the complaint on the merits." On appeal the Appellate Division found that this was "error in form" ; but, as this error had not been the subject of objection below and was evidently harmless, the judgment was modified, so as to appear as having been entered on the direction of a verdict, and, as modified, affirmed. 170 App. Div. 500, 156 N. Y. Supp. 357.

It has been held that section 1209, Code Civ. Proc., applies only to actions in equity. Niagara, etc., Co. v. Campbell Stores, 101 App. Div. 400, 92 N. Y. Supp. 208. Cf. Bail v. New York, etc., Co., 201 N. Y. 355, 94 N. E. 863. But these cases show, also, that where the error was in form only the error may be amended.

While we are of opinion, as just indicated, that the disposition of this matter of practice by the New York courts was entirely in accord with ruling decisions, we hold that, since the judgment roll put in evidence shows on its face that the state court disposed of · Nauyalis' contention by granting a motion for a directed verdict, we are, on familiar principles, concluded by the judgment.

The New York judgment being a bar, the decision below was right, and is affirmed, with costs.