### LEHIGH VALLEY R. CO. v. QUEREAU et al.

(Circuit Court of Appeals, Second Circuit. March 19, 1923.)

No. 192.

1. **Railroads ⬤⟶350(7)—Negligence held question for jury on evidence as to signals.**

   Where witnesses testified that the whistle was sounded for the crossing where plaintiffs' intestate was killed, and other witnesses, in such position that they could and should have heard the whistle, if blown, testified that they did not hear it, the question is one for the jury.

2. **Railroads ⬤⟶346(6)—Burden of proving contributory negligence on defense.**

   In an action for the death of a person killed at a crossing, defendant has the burden of proving contributory negligence, and must show that deceased did not look or listen.

3. **Judgment ⬤⟶570(5)—Judgment of dismissal at close of plaintiff's case not a bar to second action.**

   A dismissal at the end of plaintiff's case is regarded as caused by a failure of proof, and therefore is not on the merits, and is not a bar to a second action.

4. **Judgment ⬤⟶570(5)—Directed judgment after close of case is bar to future action.**

   Where judgment is directed after defendant has rested, and there is a mere varying of reasons assigned for recovery in a future action, the cause of action remains the same, and the prior disposition of the case is a bar to the future action.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Death** ⬦⟞58(1)—**Effect of statute making contributory negligence affirmative defense.**

    Code Civ. Proc. N. Y. § 841-b, providing that "on the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant," but raises a presumption that deceased was free from contributory negligence and places the burden on defendant of proving the contrary, and the right of plaintiff to recover still depends on proof of negligence and freedom from contributory negligence.

**6. Judgment** ⬦⟞570(5)—**Judgment of dismissal held not bar to future action.**

    Code Civ. Proc. N. Y. § 1209, provides that "a final judgment, dismissing the complaint, either before or after a trial, * * * does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits." In an action for death in a state court, at the close of plaintiff's case, the court sustained a motion by defendant to dismiss the complaint. The judgment roll did not show the ground of dismissal, but in an oral opinion the judge found that plaintiff's own evidence showed contributory negligence of deceased. *Held* that, under the statute, the judgment was not on the merits, but must be regarded as for failure of proof of freedom from contributory negligence, though by Code Civ. Proc. N. Y. § 841-b, the burden on such issue was on defendant.

In Error to the District Court of the United States for the Northern District of New York.

Action at law by Nellie J. Quereau and Jennie F. Pratt, administrators with the will annexed of the estate of Wilson R. Quereau, deceased, against the Lehigh Valley Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

For opinion below, see 270 Fed. 826. See, also, 251 Fed. 986.

Brainard & Noble, of Auburn, N. Y. (William H. Harding, of Syracuse, N. Y., of counsel), for plaintiff in error.

Peter B. Cole, of Syracuse, N. Y. (Thomas Woods, of Syracuse, N. Y., of counsel), for defendants in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The parties will be referred to as below. On October 16, 1918, plaintiffs' intestate, while crossing Rude street, in the village of Weedsport, Cayuga county, N. Y., was struck by a north-bound passenger train and instantly killed. At the time he was driving a horse attached to a buggy with the top up and the side curtains down. Before his advance to the crossing, he had stopped at a house along the highway, 275 feet from the point where he met his death. There he talked with a friend for about 5 minutes. The last seen of him by any eyewitness was his proceeding toward the track, his horse walking. Rude street runs east and west, and there is an embankment of about 12 feet, up which grade he proceeded. The railway tracks run northeast and southwest at this point, and cross the highway at a down grade of about one foot in every 100 feet. There are sharply sloping sides to the roadway of Rude street, and there are no fences along it. The crossing plank projects some 3 or 4 inches above the level of the highway. Rude street crosses the highway at an acute angle, so that the deceased, as he approached the crossing, had

his back toward the direction from which the train came, to some extent. Looking in the southwesterly direction from which the train came, the deceased's view was obstructed by reason of the position of an apple orchard, some other trees, a cut, bushes and brush along the railroad's right of way, except that for a distance of 38 feet, commencing at a point of about 108 feet west from the railroad crossing, a view could be obtained of a train approaching this highway crossing. But there is a cut or embankment through which the train passed some 635 feet to the south of Rude street. The foliage of trees was dense, and the trees had large, wide-spreading branches, the larger ones ranging from 28 to 44 feet, some of which came within 7½ feet of the passing train. This accident occurred at about 6 o'clock in the evening, a heavy rain was falling, and the wind was blowing from the northwest, with the consequent noise caused by the swaying of the trees. The whistle on the locomotive was not the ordinary type, but was placed thereon by the engineer in charge, and was a duplicate of that which had been used by steamboats navigated on the canal nearby, and therefore it sounded like a steamboat whistle.

[1] There was evidence that the train was running at the rate of 50 miles an hour, down grade, and that the engine was not making steam. There were no street lights or lighted buildings to illuminate the highway, and there were no gates, flagman, or signal bell at the crossing. The deceased, riding alone, was charged with the driving and management of his horse and buggy, and had almost cleared the track when struck. There was evidence by persons near the crossing in a position to hear, and who gave testimony that, although they were paying attention, they did not hear the whistle blown or bell rung for the crossing. There were many witnesses, and some called testified that a whistle was sounded for the crossing. Evidence of persons who were so situated within a short distance of the crossing, who would have heard and who could have heard, had the whistle blown, was sufficient to require the submission to the jury of the question of negligence on the part of the engineer in the operation of the train. Texas & P. R. Co. v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132; Flannelly v. D. & H. Co., 225 U. S. 597, 32 Sup. Ct. 783, 56 L. Ed. 1221, 44 L. R. A. (N. S.) 154.

[2] The physical circumstances at the crossing, together with the fact that the deceased was occupied in driving his horse, accompanied by the presumption that he exercised reasonable care and caution in approaching the railroad crossing, made the question of contributory negligence one of fact for the jury. The burden of proving contributory negligence is upon defendant, and it was bound to show that the deceased did not look or listen. B. & O. R. Co. v. Griffith, 159 U. S. 603, 16 Sup. Ct. 105, 40 L. Ed. 274; B. & P. R. R. Co. v. Landrigan, 191 U. S. 461, 24 Sup. Ct. 137, 48 L. Ed. 262; Texas & Pacific Co. v. Gentry, 163 U. S. 353, 16 Sup. Ct. 1104, 41 L. Ed. 186; No. Pacific R. R. Co. v. Spike, 121 Fed. 44, 57 C. C. A. 384.

In the answer interposed the defense of res adjudicata is relied upon. It appears that, before the commencement of the action in the United

States District Court for the Northern District of New York, the plaintiffs instituted an action in the Supreme Court of the state of New York for the county of Cayuga. That action was brought to trial on October 15, 1917, and after the plaintiffs offered all their proof, on a motion made on behalf of the defendant, a dismissal of the complaint was granted. No appeal was taken from this decision. The record here contains the opinion of the Supreme Court Justice of the state, who said:

"That leaves simply the question as to what situation we are in under the changed rule. The changed rule says, in substance, that the absence of contributory negligence need no longer be proven by the plaintiff, but it is an affirmative defense, to be pleaded and proven by the defendant. It is pleaded, and in my judgment it is proven, by the plaintiff herself. That being so, I apprehend the defendant has an absolute right to stand upon the testimony which is in the case, which establishes contributory negligence, and avail itself of it on a motion of this character. I cannot conceive that there would be any reason in denying the motion at this time and telling the defendant to put in its case, and then grant a nonsuit at the close of defendant's case upon the same state of facts. I must grant this motion simply and only upon the ground that the facts established by the plaintiff herself affirmatively show that the plaintiff's intestate came to his death by reason of his own negligence which contributed to and brought about the injury from which he died. The motion is granted."

[3, 4] An order was entered directing the dismissal, and that a judgment be entered accordingly. There were recited in that order the grounds upon which the motion was made, which were, first, that the cause of action pleaded in the complaint had not been established; second, that the defendant had not been shown negligent; third, that the defendant's negligence was not the proximate cause of the accident; and, fourth, that the plaintiffs' intestate was guilty of contributory negligence. And the judgment which was entered recited the same grounds as the legal reasons advanced by the defendant for judgment, and then directed that a nonsuit be granted and costs be awarded against the plaintiffs. Neither the order nor the judgment, however, stated that all the reasons advanced by the defendant for a dismissal were adopted or approved. A dismissal at the end of the plaintiff's case has always been regarded as caused by a failure of proof, and therefore it is not on the merits, and is not a bar to a future action for the same cause or subject-matter. Ploxin v. B. H. R. Co. (C. C. A.) 261 Fed. 854. But where judgment is directed after the defendant has rested its case, and there is a mere varying of reasons assigned for recovery in the future action, the cause of action remains the same, and the prior disposition of the case is a bar to the future action. United States v. California & Ore. Lands Co., 192 U. S. 355, 24 Sup. Ct. 266, 48 L. Ed. 476; Nauyalis v. Phila. & Reading Coal & Iron Co. (C. C. A.) 270 Fed. 93.

[5] The effect of a decision such as that rendered at the trial in the Supreme Court action is controlled by the Code of Civil Procedure of that state. Section 841-b provides:

"On the trial of any action to recover damages for causing death the contributory negligence of the person killed shall be a defense, to be pleaded and proven by the defendant."

Section 1209 of the Code of Civil Procedure provides:

"A final judgment, dismissing the complaint, either before or after a trial, rendered in an action hereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares, or it appears by the judgment roll, that it is rendered upon the merits."

Section 1237 of the Code prescribes what the judgment roll shall consist of and the papers contained therein, and indicates where inquiry must be made if there was a dismissal on the merits; and provides:

"The clerk, upon entering final judgment, must immediately file the judgment roll, which must consist, except where special provision is otherwise made by law, of the following papers: The summons; the pleadings, or copies thereof; the final judgment, and the interlocutory judgment, if any, or copies thereof; and each paper on file, or a copy thereof, and a copy of each order, which in any way involves the merits, or necessarily affects the judgment. If judgment is taken by default, the judgment roll must also contain the papers required to be filed, upon so taking judgment, or upon making application therefor; together with any report, decision or writ of inquiry, and return thereto. If judgment is taken after a trial, the judgment roll must contain the verdict, report, or decision; each offer, if any, made as prescribed in this act, and the exceptions or case then on file.

"Upon an appeal to the Court of Appeals from a judgment or order of the Appellate Division of the Supreme Court, the opinion of the Appellate Division, if any, shall, for the purposes of the appeal, be deemed to be a part of the judgment roll or appeal papers."

The judgment roll offered in evidence on this trial does not show that the dismissal was upon the merits. There were no findings of fact presented or signed. The defendant offered no proof. To have entered judgment as upon the merits would have been an error in form. Nauyalis v. Phila. & Reading Coal & Iron Co., 170 App. Div. 500, 156 N. Y. Supp. 357. In an action at law in the state court, a dismissal of the complaint is but a nonsuit, and does not determine the merits of the action. Niagara Fire Ins. Co. v. Campbell Stores, 101 App. Div. 400, 92 N. Y. Supp. 208, affirmed 184 N. Y. 582, 77 N. E. 1192. To constitute a disposition on the merits, it is necessary that the defendant either offer proof and rest, or rest without offering proof, and then move for the direction of a verdict, otherwise it is error to dismiss upon the merits. Peterson v. Ocean Elec. Ry. Co., 214 N. Y. 43, 108 N. E. 199; Bail v. N. Y., N. H. & H. R. Co., 201 N. Y. 355, 94 N. E. 863. The rule in the federal courts permits a new action to be maintained even after a decision dismissing the complaint has been approved on appeal to the Court of Appeals of the state. Ploxin v. B. H. R. Co., supra.

It is argued, however, that by reason of section 841-b of the Code of Civil Procedure of the state the contributory negligence of a person killed becomes a defense to be pleaded by the defendant, and the argument is that, since it was determined in the state court that the plaintiffs' intestate was guilty of contributory negligence, that finding is conclusive as establishing the affirmative defense of res adjudicata. Thus it is argued that the dismissal of the complaint did not rest on the failure of proof only. It is not questioned but that the New York Supreme Court had general jurisdiction over the subject-matter and of the parties before it, and therefore the action of that court cannot be

attacked collaterally. Wilcox v. Jackson, 13 Pet. 498, 10 L. Ed. 264; Santiego v. Nogueras, 214 U. S. 260, 29 Sup. Ct. 608, 53 L. Ed. 989. And it may be conceded that an erroneous decision, if the court had power to make some determination, may not be attacked because of the error, if the general jurisdiction over the cause which is subject to such criticism is undisputed. It is therefore important to inquire as to what the courts decided. While the contributory negligence is made a defense to be pleaded and proved by the defendant, that, in effect, but raises a presumption that the deceased was free from contributory negligence, and places the burden on the defendant of proving the contrary. The right of plaintiffs to succeed still depends upon proof of negligence and freedom from contributory negligence, and the latter may rest on the failure of the defendant to establish contributory negligence. For the purpose of ascertaining the subject-matter of a controversy and fixing the scope of the same thing adjudicated, the entire record, even including the testimony, may be examined. Park & Sons Co. v. Bruen (C. C.) 139 Fed. 698; Cheatham v. Transit Co., 209 Fed. 229, 126 C. C. A. 297.

[6] The judgment roll is a primary guide—although not exclusive—to determine the question when it appears therefrom that the judgment might have been rendered on the merits or upon a ground not involving the merits. The burden is upon the one who claims it is a bar to show by extrinsic evidence that it was in fact rendered on the merits. Clark v. Scovill, 198 N. Y. 279, 91 N. E. 800. The order and judgment are silent as to the grounds upon which the judge dismissed the complaint, although there are four grounds enumerated upon which the motion was based. The oral opinion delivered at the time of the dismissal must be deemed to be a decision that there was a failure of proof as to contributory negligence. This failure of proof was apparently established by the cross-examination of the plaintiffs' witnesses to the satisfaction of the Supreme Court Justice, because the dismissal was at the end of the plaintiffs' case. But it is not established by any proof offered by the defendant. It therefore appears from the proceedings at the trial that the plaintiffs failed because of want of proof establishing the deceased's freedom from contributory negligence, and this became possible because of the character of the plaintiffs' own evidence. Assuming that the defense had offered such proof establishing such contributory negligence in its defense, and then at the end of the entire proof a motion was made to dismiss the complaint because of the failure to establish freedom from contributory negligence, would not the result be the same? We think it would. The case would be different, had a motion been made for the direction of a verdict and a verdict directed. Niagara Fire Ins. Co. v. Campbell Stores, 101 App. Div. 400, 92 N. Y. Supp. 208, affirmed 184 N. Y. 582, 77 N. E. 1192. The New York Code (section 1209) expressly provides that the dismissal of a complaint before or after trial in an action does not prevent a new action for the same cause of action, unless it expressly declares or it appears by the judgment roll that it is rendered on the merits, and since this judgment roll does not establish that fact, the mere fact that at the time of dismissal the presiding judge stated his reason for dismissing the complaint does not make it a decision on the

merits. The judgment entered herein is not a bar to the maintenance of the present action in the court below.

Judgment affirmed.

HOUGH, Circuit Judge. (concurring). Though agreeing with Judge Manton's opinion, the novelty of the question raised on or by the enactment of 841-b, Code Civ. Pro., may excuse this concurrence.

Clearly the trial Justice in the Supreme Court of New York, found the fact to be that plaintiff's decedent was guilty of contributory negligence. That fact could just as well be established by plaintiff's own evidence, as in any other way.

Plaintiff-in-error's contention at this bar, is that this finding once lawfully made is always and in every court, binding on plaintiff below; and further that the form in which the State Court recorded its decision, is of no importance; or at least that the substantial finding must be given effect if discoverable in or in spite of the form chosen.

I do not think this true in a case of the kind presented. The well known rule is that if under New York procedure a complaint be dismissed not "on the merits," plaintiff is not barred from a second suit. If the trial is with a jury as of right, the equivalent of a dismissal on the merits is a directed verdict; but a defendant cannot move for a direction before he rests; but he can move for a dismissal of that particular complaint at any time. The propriety of this practice is specifically pointed out in Porges v. United States, etc., Co., 203 N. Y. 181, 186, 96 N. E. 424, where it is also held that a motion for dismissal will be treated as one for a directed verdict if such motion should have been made and granted. The same point is illustrated by the Nauyalis cases cited supra.

But in this case, defendant below, when in the State Court, neither moved for a direction of verdict, nor had any right so to do, for it neither introduced evidence nor rested on that adduced by plaintiff. Consequently the trial court did no more than grant the motion as made; and the ordinary order of dismissal is correct both in form and substance. Indeed non constat that defendant ever intended to ask for more, or that the Court would have granted more. Therefore the Ploxin Case (supra) and many earlier and similar rulings apply.

As to the questions of negligence, including contributory, they were left to the jury in the manner now for some years approved in this circuit. Lehigh Valley, etc., Co. v. Allied, etc., Co. (C. C. A.) 271 Fed. 900; Taber v. Davis (C. C. A.) 280 Fed. 612; compare contra Phillips v. Penna., etc., Co. (C. C. A.) 283 Fed. 381.