**SCHNERB et al. v. CATERPILLAR TRAC-
TOR CO.**

Circuit Court of Appeals, Second Circuit.
February 6, 1928.

No. 150.

1. **Judgment** ⟨⟩570(5)—**Dismissal or nonsuit
before defendant rests is not judgment on
merits, and does not bar new action.**

Dismissal or nonsuit, rendered at the con-
clusion of plaintiff's case, and before defend-
ant had rested, is not a judgment on the merits,
and does not bar a new action.

2. **Judgment** ⟨⟩570(5)—**Pleadings, judgment,
and record may be considered, to determine
whether dismissal was on merits.**

In case of uncertainty as to whether or not
dismissal was on merits, the pleadings, judg-
ment, and record may be considered.

3. **Judgment** ⟨⟩570(1)—**Nonsuit is no bar to
new action.**

Judgment of nonsuit never determines
rights of parties, and is no bar to a new action.

4. **Judgment** ⟨⟩570(5)—**Dismissal, not stating
that it was rendered on merits, held, under
New York law, no bar to subsequent suit
(Code Civ. Proc. N. Y. § 1209; Civil Practice
Act N. Y. §§ 23, 482, 1569).**

Under Code Civ. Proc. N. Y. § 1209, and
Civil Practice Act, § 1569, providing that pend-
ing actions shall not be affected, unless ex-
pressly so provided, dismissal of an action com-
menced before Civil Practice Act, § 482, be-
came effective, and which did not expressly
state that dismissal was rendered on the merits,
was no bar to subsequent action within one
year and within requirements of section 23.

In Error to the District Court of the
United States for the Southern District of
New York.

Suit by Jules Schnerb and another
against the Caterpillar Tractor Company.
Judgment for defendant, and plaintiffs bring
error. Reversed.

William H. Page, of New York City (H.
H. Nordlinger and Wm. Harvey Smith, both
of New York City, of counsel), for plaintiffs
in error.

John Thomas Smith, of New York City
(Frank A. Gaynor and Anthony J. Russo,
both of New York City, of counsel), for de-
fendant in error.

Before MANTON and SWAN, Circuit
Judges, and CAMPBELL, District Judge.

MANTON, Circuit Judge. In the former
action to recover for damages sustained by
these plaintiffs in error for breach of con-
tract awarding to them an agency in certain
countries of Europe, the complaint was dis-
missed. That complaint pleaded upon three
causes of action. The first alleged breach of

a contract, asserting that the plaintiffs in
error had become entitled, by reason of sales
made within their territory, to a sum of
money, and it was alleged that the sales or
agreements of sale were made between the
defendant in error and a third party. The
second cause of action is based upon the the-
ory that the plaintiffs in error were the pro-
curing cause of the sales of certain engines
or tractors made to the British government,
and reasonable commissions were demanded.
The third cause of action was that the de-
fendant in error had filled orders for trac-
tors within the territory of the plaintiffs in
error, exclusively allotted to it. The trial
court dismissed the complaint at the end of
the proof of the plaintiffs, but did not direct
a verdict. The plaintiffs in error sued out a
writ of error, and the judgment of dismissal
was affirmed. 289 F. 1001.

Thereafter, within a year, and within the
requirements of section 23 of the New York
Civil Practice Act, this action was brought
to recover by reason of the same occurrences,
but upon the theory that the plaintiffs in
error had an exclusive sales contract to sell
caterpillar tractors and accessories within
European countries as its territory, and that
it had expended large sums of money to
push the sales of the product of defendant
in error, and that within such territories the
defendant in error sold a very large number
of tractors and accessories, and thus breached
a contract which the plaintiffs in error had
for selling within these countries. The com-
plaint alleges the exclusive right of the plain-
tiffs in error to sell therein, and measures
their damages as the profit that they would
have received from the sale of such machines.
An answer was interposed to this complaint,
which pleaded the defense of res adjudicata
in its favor by reason of the former dismiss-
al and affirmance thereof by this court.

At the trial below, before evidence was
introduced by the plaintiffs, the defendant in
error moved for the dismissal of the com-
plaint, upon the theory that the defense of
res adjudicata barred the present action.
The court, after reception of the judgment
roll in that action, entertained the motion
and sustained this defense.

[1-3] This court has held that a dismissal or
nonsuit, rendered at the conclusion of the
plaintiff's case and before the defendant has
rested, is not a judgment on the merits, and
does not bar a new action. Lehigh Valley
R. Co. v. Quereau (C. C. A.) 289 F. 767;
Ploxin v. Brooklyn Heights R. Co. (C. C. A.)
261 F. 854. The same pronouncement was
made in the Third Circuit, in Western Un-

ion Tel. Co. v. Ammann (C. C. A.) 296 F. 454; in the Fifth Circuit, in St. Louis Southwestern R. Co. v. S. H. Bolinger & Co., 17 F.(2d) 924; in the Eighth Circuit, in United States Farm Land Co. v. Jameson, 246 F. 592; also in the Supreme Court, in Manhattan Life Insurance Co. v. Broughton, 109 U. S. 121, 3 S. Ct. 99, 27 L. Ed. 878. If there be uncertainty as to whether or not the dismissal was upon the merits the pleadings, judgment, and record may be considered. Swift v. McPherson, 232 U. S. 56, 34 S. Ct. 239, 58 L. Ed. 499; National Foundry Co. v. Oconto Water Supply Co., 183 U. S. 216, 22 S. Ct. 111, 46 L. Ed. 157; Cline v. Southern R. Co. (D. C.) 231 F. 238. The judgment of nonsuit never determines the rights of the parties and is no bar to a new action. Homer v. Brown, 16 How. 354, 14 L. Ed. 970.

The recently enacted provisions of the New York Civil Practice Act (section 482) provide that: "A final judgment dismissing the complaint before the close of the plaintiff's evidence does not prevent a new action for the same cause of action, unless it expressly declares that it is rendered upon the merits. A dismissal of a complaint or a counterclaim at the close of the plaintiff's or defendant's evidence, as the case may be, or a dismissal of a complaint or counterclaim at the close of the whole evidence, is a final determination of the merits of the cause of action and bars a new action between the same parties or their privies for the same cause of action unless the court shall dismiss without prejudice."

It is argued that this dismissal must be deemed upon the merits, for the words "without prejudice" are not found in the judgment, and the court declined a motion to amend the judgment, so as to contain such words. The argument is that, under the act of conformity, the New York state law is controlling. The Civil Practice Act of the state of New York went into effect October 1, 1921. Section 1569 of the Civil Practice Act provides that, as to pending actions and proceedings, they shall not be rendered ineffectual or impaired by this act, or by a repeal thereof of any provision of the Code of Civil Procedure, unless otherwise expressed, and that subsequent proceedings in such action or special proceedings must be conducted in accordance with the laws in force on the day before the act takes effect.

[4] The first action was commenced in November, 1919, before the Civil Practice Act became effective, and the trial was had in January, 1922, after the act went into effect. This record does not show an intent of the judge presiding at the first trial to apply the provisions of section 482 of the Civil Practice Act to this case, commenced before the Civil Practice Act went into effect. The law then (section 1209 of the New York Code of Civil Procedure) provided that a final judgment dismissing the complaint, either before or after a trial rendered in an action thereafter commenced, does not prevent a new action for the same cause of action, unless it expressly declares or it appears by the judgment roll that it was rendered upon the merits. Wagner Trading Co. v. Radillo, 205 App. Div. 833, 198 N. Y. S. 13. The former dismissal, not having been stated to have been rendered upon the merits, does not bar this action. Hopedale Electric Co. v. Electric Storage Battery Co., 132 App. Div. 352, 116 N. Y. S. 859, affirmed 198 N. Y. 588, 92 N. E. 1086. We find nothing in the New York Civil Practice Act that requires us to change the rule announced by us in Lehigh Valley R. Co. v. Quereau, supra, and Ploxin v. Brooklyn Heights R. Co., supra. It was therefore error to sustain the defense of res adjudicata in favor of the defendant.

Judgment reversed, with costs.