EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES
*v.* POOL.

4-6021 143 S. W. 2d 25

Opinion delivered July 1, 1940.

*Alexander & Green* and *McKay, McKay & Anderson,* for appellant.

*T. B. Vance* and *George F. Edwardes,* for appellee.

HUMPHREYS, J. On December 27, 1926, appellant issued its policy No. 7,510,848 to appellee in the principal sum of $1,000 insuring his life in favor of Maggie Pool as the beneficiary which policy contained a provision to pay the insured a disability annuity of $10 per month for total and permanent disability for a fixed monthly premium which policy also contained a waiver of payment of premiums on same for the duration of any total and permanent disability. Appellee was totally disabled prior to January 1, 1932, and appellant made monthly payments to him of $10 per month up to and until April, 1933. On the 10th day of April, 1933, appellant notified appellee that on and after that date it would discontinue payment upon the total and permanent disability clause of said policy of insurance and that it would not waive the payment of premiums on said policy which would mature June 27, 1933. Appellee refused to pay the June, 1933, premium on said policy, and thereafter, on July 27, 1933 appellant notified appellee that his policy of insurance had lased because of nonpayment of the June, 1933, premium. Appellee then brought suit in the circuit court of Miller county against appellant on the policy setting out in the complaint the facts stated above in which it alleged that appellant, without cause, discontinued the disability payment and notified appellee he would have to pay insurance premiums in order to prevent a lapse of the policy and that on July 28, 1933, appellant canceled, repudiated and breached all of the provisions of said policy of insurance and denied all liability thereunder for such disability and notified appellee that said policy was after said date no longer in force and prayed for a judgment in the sum of $1,600 damages based upon the then present value of the disability benefits for and during his expectancy of life, $192 penalty and a reasonable attorney's fee.

Appellant answered the complaint and denied liability because of total permanent disability and its

prayer was that the complaint be dismissed, and that it have judgment for its costs.

The suit was tried in the circuit court of Miller county with the result that a judgment was rendered in favor of appellee in the total sum of $2,136.06, including a penalty and attorney's fee. From that judgment an appeal was prosecuted to this court which was affirmed on April 23, 1934. *Equitable Life Assurance Society of the United States* v. *Pool*, 189 Ark. 101, 71 S. W. 2d 755. This court held on that appeal (quoting syllabus 1) that:

"Under a policy providing for disability benefits and waiver of premiums on insured's total and permanent disability, insurer's declaration of forfeiture for nonpayment of premiums in a case where insured was totally and permanently disabled, *held* to constitute a renunciation of the contract and to authorize insured to recover the present value of future installments of disability benefits."

The judgment was subsequently paid by appellant. Thereafter appellee applied for and obtained a loan of $110 from appellant on the policy which amount was loaned to him through mistake. After receiving the first loan appellee applied to appellant for a second loan on the policy at which time appellant denied any liability on same.

This suit was then filed by appellee in the same court to recover the present value of the amount the beneficiary would have received in case of the insured's death.

Appellant filed a demurrer to the complaint which was overruled over its exception after which it filed an answer alleging that the adjudicated breach of the contract in the first suit together with the payment of the judgment, operated to discharge appellant from all further obligations and to bar appellee from bringing a second suit under the policy. Appellee demurred to the answer which was sustained over appellant's objection and, appellant refusing to plead further, the court rendered judgment against appellant for $173.67, a penalty of $21.20, and an attorney's fee of $100 in ac-

cordance with the allegations of the complaint, from which an appeal has been duly prosecuted to this court.

The policy and the pleadings and judgment in the first suit were attached as exhibits in the case at bar.

In the first suit brought by appellee against appellant on the policy to recover the present value under the permanent disability clause contained therein, he alleged that the defendant (appellant herein) "without authority and in violation of the terms of said contract, canceled, repudiated and breached said contract of insurance, denied all liability thereunder and notified the plaintiff (appellee herein) that said policy was after said date no longer in force."

In deciding the first case upon the issues joined and the proof introduced, this court, in the case of *Equitable Life Assurance Society of United States* v. *Pool*, 189 Ark. 101, 71 S. W. 2d 455, said: "There was an unequivocal renunciation and repudiation of the contract of insurance," and permitted a recovery for gross damages growing out of the permanent disability clause in the policy, under authority of *Aetna Life Insurance Co.* v. *Phifer*, 160 Ark. 98, 254 S. W. 335.

This suit was brought for gross damages growing out of the life clause contained in the same policy and the right of action on same accrued and was existing at the time the first suit was brought because at that time, in the language of this court in the case of *Equitable Life Assurance Socitey of United States* v. *Pool, supra,* appellant had assumed a position "that was an unequivocal renunciation and repudiation of the contract of insurance." It follows that since appellant at that time denied all liability under the policy or contract appellee should have brought his suit for the total amount of damages he had sustained by reason of the breach of the contract and the denial of liability thereunder. This is so even if the contract were divisible, as contended by appellee, which it is unnecessary to decide, because after the contract was breached and appellant unequivocably denied liability thereunder, appellee might have sued

for the present worth of the face value of the policy under the life clause as well as under the permanent disability clause. It was said in the case of *Watts* v. *Weston*, 238 Fed. 149, that: ''If the contract has been discharged by breach, if suit for damages is all that is left, the rule (as to splitting a cause of action) is applicable, and every demand arising from that contract and possessed by any given plaintiff must be presented in one action; what the plaintiff does not advance he foregoes by conclusive presumption.''

Appellant pleaded *res judicata* in the instant case and we think the plea was well taken because the rule precludes again litigating issues that were or might have been litigated between the same parties growing out of the same contract or transaction.

On account of the error indicated, the judgment is reversed, and the cause is dismissed.